19   101
66    66
    19   101
    71   736
       19   101
       74    70

## Bull *against* Allen and another.

*A* and *B*, in *December* 1841, gave their joint and several promissory note to *C*, payable on demand, to secure the debt of *A*, *B* signing in fact as surety. *A* was then solvent, owning and possessing personal property liable to attachment, to five times the amount of the note, and so continued until *March* 1844, when he failed, and became, and has ever since remained, destitute of

property. At divers times between the giving of the note and *March* 1844, *B* requested *C* to collect the note of *A*, by attachment, and offered to indemnify him from all costs and expenses in collecting the debt. In a suit afterwards brought by *C*, on the note, against *A* and *B*, it was held, that though *B* was the surety of *A*, as between themselves, yet as between them and *C*, they were both principals, and under a joint obligation; that the legal rights of *C* against both, were the same; and consequently, that the facts of the case constituted no defence to *B*, any more than to *A*.

THIS was an action of *assumpsit*, brought by *Thomas Bull*, as indorsee of a promissory note, dated *December* 14th 1841, payable to *Truman Orton*, or order, on demand, against *Amos E. Allen* and *Vincent Judson*, as makers thereof. The declaration alleged, that the instrument in question was the *joint and several* promissory note of the defendants.

The defendant *Judson* pleaded in bar, that the note on which the plaintiff has declared, was given in consideration of 125 dollars, borrowed, by the defendant *Allen*, of *Truman Orton*, and that *Judson* made and signed said note to him, as surety for *Allen;* that the money received therefor, went to *Allen's* sole use, and not for the benefit of *Judson*, which was then well known to *Orton;* that from the date of the note to the 10th of *March* 1844, *Allen* was solvent, and owned and possessed personal property, liable to attachment, to five times the amount of the note; that *Judson*, at divers times after the date of the note, and before the 10th of *March* 1844, requested *Orton* to collect the note of *Allen*, by attachment, and informed *Orton*, that *Allen* then had sufficient personal property to secure the note, and offered to indemnify *Orton*, and save him from all expenses and costs in collecting the debt; but that *Orton* neglected and refused to collect the note, or any part thereof, by attachment or otherwise, until after the 10th of *March* 1844; and that on said 10th of *March*, *Allen* failed, and has not since owned or possessed any personal estate whatever, and is now destitute of property of any kind.

This plea was traversed, by the plaintiff; on which issue was joined; and the cause was tried, on such issue, at *Litchfield, August* term 1847, before *Ellsworth*, J.

On the trial, the defendant, *Judson*, offered a witness, to prove, that he was in fact only surety on the note, and not a principal; and likewise to prove the other facts alleged in the plea.

To this testimony the plaintiff objected, as it was only parol evidence, going to vary the note ; and that the facts would be immaterial, if established by such evidence. The court rejected the evidence offered, and rendered judgment for the plaintiff. The defendant thereupon moved for a new trial.

*C. B. Phelps,* in support of the motion, contended, 1. That parol evidence is admissible to prove, that one of the parties to the obligation, is surety. *Pain* v. *Packard,* 13 *Johns. R.* 174. *The Manchester Iron Manufacturing Company* v. *Sweeting,* 10 *Wend.* 163.

2. That the law recognizes the relation of principal and surety, not only as between themselves, but also as between them and the creditor, and treats them according to their respective characters. The creditor is bound to notice the nature of the engagement ; and must exercise due diligence. *Theob. on Surety,* 123. 270.

3. That if the creditor is requested, by the surety, to sue the principal, who is then solvent, and the surety declares that he will be no longer holden, then if the creditor omit to do so, the surety is discharged. *Erie Bank* v. *Gibson,* 1 *Watts,* 143. *Cope* v. *Smith,* 8 *Serg. & R.* 110. *Row* v. *Pulver,* 1 *Cowen,* 246. *The State* v. *Reynolds,* 3 *Miss. R.* 95. *King* v. *Baldwin,* 17 *Johns. R.* 384. 389, 90. *Goodman* v. *Griffin,* 3 *Stew.* 160. *Bruce* v. *Edwards,* 1 *Stew.* 11. *Geddis* v. *Hawk,* 10 *Serg. & R.* 33. *Lichtenhaler* v. *Thompson,* 13 *Serg. & R.* 157. In *Massachusetts,* the same rule prevails, with this qualification, that the surety offer an indemnity to the creditor against the costs and charges of the suit. *Bellows* v. *Lovell,* 5 *Pick.* 307. 311. So also in *New-Hampshire. Davis* v. *Huggins,* 3 *N. Hamp.* 231. In *Ohio,* the notice and request are required to be in writing. *Jenkins* v. *Clarkson,* 7 *Ham.* 72.

4. That the giving of further time of payment to the principal, discharges the surety. *Deming* v. *Norton, Kirby,* 397. *United States* v. *Hillegas,* 3 *Wash. C. C.* 70. *Kennebec Bank* v. *Tuckerman,* 5 *Greenl.* 130. *Bank* v. *Woodward,* 5 *N. Hamp.* 99. There is no difference in principle between giving time by express contract and by a silent extension and refusal to sue.

*Litchfield,*
*June, 1848.*
———————
Bull
*v.*
Allen.

5. That in chancery, the surety can compel the creditor to sue the principal. *Orme* v. *Young,* 1 *Holt's N. P. Ca.* 84. (3 *E. C. L.* 35.) per *Gibbs,* Ch. J. This right of the surety to compel the creditor to sue, is recognized, by implication at least, in *Castle* v. *Candee,* 16 *Conn. R.* 236.

6. That it is *just* that the surety should have a right to appropriate his principal's property to the payment of his own debt.

*Seymour* and *Cothren,* contra, contended, 1. That the superior court correctly refused to admit parol evidence, which would vary the written instrument. The note, on its face and according to its tenor, is a note binding the defendant *Judson,* as a principal, to pay the sum therein specified to the promisee. *Hoare* & al. v. *Graham* & al. 3 *Campb.* 57. *Free* & al. v. *Hawkins,* 8 *Taun.* 92. *Chitt. Cont.* 99. *a.* 107. 1 *Sw. Dig.* 180. 3 *Conn. R.* 238. 11 *Conn. R.* 226. 16 *Conn. R.* 234.

2. That if the court had admitted the evidence, it would have availed nothing, under the rule of law in this state; for the name of the promiser on the face of the instrument, makes him, in legal contemplation, a *principal;* and if he signs himself as surety, (which *Judson* has not done in this case,) this is a mere memorandum of explanation, showing the relation he sustains to his co-promiser. *Sprigg* v. *Bank of Mount Pleasant,* 10 *Peters,* 265. 268. *Bellows* v. *Lovell,* 5 *Pick.* 307. 311. *Crane* v. *Newell,* 2 *Pick.* 612. 614. *Frye* v. *Barker,* 4 *Pick.* 381. *Oxford Bank* v. *Lewis,* 8 *Pick.* 457.

3. That if *Judson* be regarded as a surety, and not as a principal, still the delay of the creditor does not discharge him. *King* v. *Baldwin,* 2 *Johns. Ch. R.* 559. *Trent Navigation Company* v. *Harley,* 10 *East,* 34. 38, 9. *Hunt* v. *United States,* 1 *Gallis.* 32. *Wright* v. *Simpson,* 6 *Ves.* 734. *Freeman's Bank* v. *Rollins,* 1 *Shep.* 202. *Leavitt* v. *Savage,* 4 *Shep.* 72. *Chitt. Cont.* 531. and cases cited in note. If *Judson* apprehended danger to himself from the delay of the creditor to sue, he should have paid the debt according to his undertaking, and then he would have his remedy against the principal. 5 *Pick.* 311.

*Litchfield,*
June, 1848.

Bull
*v.*
Allen.

HINMAN, J. We are of opinion that the facts stated in the plea of the defendant *Judson,* admitting them to be true, constitute no defence to the action; and the plaintiff is entitled to judgment. This renders the rejection of the parol evidence offered to prove the plea, immaterial. It will not, therefore, be further noticed or considered.

The defendants executed a joint and several note to secure the payment of money loaned to one of them. From the note alone, it does not appear, that *Judson* signed as the surety of *Allen;* but this fact is stated in the plea, and was offered to be proved; it will, therefore, be considered true. As between themselves, then, *Judson* was the surety of *Allen;* but, as between them and the payee, they were both principals. They were so, for the plain reason, that by making the note in this form, they agreed to be so. Perhaps the payee was unwilling to take any other security for his money. It is certain that the obligation of *Judson,* as a principal, is very different from what it would have been, had he merely indorsed the note; and a party might well consider that he obtained much better security, by a joint and several obligation, than the indorsement or guaranty of another's note would give him. Viewing the note as the joint obligation of both defendants, the same construction must be put upon it as to both of them. This is necessarily so, from its very nature. You cannot look at the plaintiff's legal rights, in regard to one of the defendants, as different from what they are, in regard to the other, without at once destroying their joint liability, and changing a principal debtor into a mere surety. And this is the radical defect in this plea. It treats *Judson* as a mere surety; when in fact he is, in regard to the plaintiff, a joint debtor with *Allen.* It has sometimes been said, in regard to an instrument executed in this way, that a construction cannot be put upon it, which will be injurious to the rights of the surety; but with the exception of the cases from *New-York,* and cases in some of the states where they have statutes on the subject, it has no where been claimed, that you can so divide the instrument as to make the contract of one, different from that of the other. As, then, the obligation is the same, and is subject to the same construction, as

*Litchfield,*
June, 1848.
—————
Bull
*v.*
Allen.

to both defendants, it follows, that nothing will operate as a defence to it, for one of them, which would not also be a defence for the other ; and the facts stated in the plea being no defence for one of the defendants, they must fail as to the other also.

It was said, that as *Judson* in fact signed the note as surety for *Allen,* he could have compelled the creditor to sue the principal, under the circumstances stated in the plea ; and that the discharge of *Judson,* under these circumstances, would be less oppressive to the creditor than a bill in equity to compel him to put the note in suit.

If this were so, we do not see in it any reason for sustaining the plea. To compel a party to bring a suit, is entirely different from the discharge of his note. If the plea was a good equitable defence, there might be no objection to treating it as a legal defence also, and not compel the party to resort to a court of equity. But, the simple fact, that *Judson* could have compelled the creditor to put the note in suit, proves nothing in favour of the plea. It would seem rather to operate against it. If the existence of these circumstances was a good defence for the surety, there would seem to be no occasion for the aid of a court of chancery.

The defendant, also, relies upon the authority of certain cases from *New-York.* Those cases do establish the doctrine for which he contends, so far as that state is concerned. But more modern cases in *New-York,* show, very clearly, that the law is not so any where else. Their late cases on this subject refer to the case of *Paine* v. *Packard,* which first established this doctrine, as a departure from principle. In *Herrick* v. *Borst* & al. 4 *Hill,* 650. 656. *Cowen,* J. speaking of this subject, says : "What principle such a defence should ever have found to stand upon, in any court, it is difficult to see. It came into this court without precedent ; was afterwards repudiated, by the court of chancery, as it always has been, both at law and in equity, in *England ;* but was restored, on a tie in the court of errors, turned by the casting vote of a layman."

Such being the view of the courts in *New-York,* at this time, it is apparent, that the doctrine is only tolerated there ;

because, as remarked by the same judge, the error, as to them, "has become inveterate."

We do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.