(120 N. W. 1093.)

---

T. E. YERXA v. W. E. RUTHRUFF AND L. L. RUTHRUFF.

Opinion filed March 19, 1909.

**Principal and Surety — Failure to Present Claims Against Principal's Estate.**

> Surety not released. The defendants, who were husband and wife, executed to respondent a promissory note jointly and as joint makers. Appellant signed with her husband as joint maker, but as surety only. Prior to the commencement of this action her husband and co-defendant died intestate, leaving an estate in Clay county, Minn., of the appraised value of $3,500, which was duly probated in said county. While said probate proceedings were pending and after due notice to creditors to present their claims against said estate had been given, respondent was requested by appellant's attorney to file said note as a claim against said estate, which he wholly failed and neglected to do. His failure to file said note as a claim against said estate did not release respondent as surety.

Appeal from District Court, Cass county; *Pollock,* J.

Action by T. E. Yerxa v. W. E. Ruthruff and L. L. Ruthruff. Judgment for plaintiff, and L. L. Ruthruff appeals.

Affirmed.

*J. W. Tilly,* for appellant.

Failure to establish claim against solvent principal's estate discharges the surety. Roberts, Thorpe & Co., v. Laughlin, 4 N. D. 167, 59 N. W. 967; Stackpole v. D. L. & T Co., 10 S. D. 389, 73 N. W. 258; Brown v. Ch. R. I. & P. Ry. Co., 107 N. W 1024.

*Glassford & Lacy,* for respondent.

Failure to sue solvent principal at surety's request does not discharge the latter. National Bank of South Reading v. Sawyer, 59 N.

E. 76, 83 Am. St. Rep. 292; Story's Eq. Juris. Sec. 639; Streetor v. Jefferson County National Bank, 147 U. S. 36, 37 L. Ed. 68; Myers v. Farmers State Bank, 74 N. W. 252; Morrison v. Equitable National Bank, 6 Ohio N. P. 7th; Montpelier Bank v. Dixon, 4 Ver. 599; Page v. Webster, 15 Me. 269; Bull v. Allen, 19 Conn. 101; Mahurin v. Pearson, 8 N. H. 539; Abercrombie v. Knox, 3 Ala. 728, 37 Am. Dec. 721; Bank of Maywood v. McAlister, 76 N. W. 552; Tideman on Commercial Paper, Sec. 424; Parsons Notes and Bills, Vol. 1, p. 237, Vol. 2, p. 243; Daniel Neg. Int. Vol. 2, Secs. 1326 and 1339; Ingels et al, v. Sutliff, 36 Kan. 444; Brandt on Suretyship, Vol. 1, Sec. 265.

CARMODY, J.    This action was brought by respondent to recover judgment on a promissory note of date January 11, 1902, executed and delivered by defendants to respondent for the sum of $300, due October 1, 1902. It appears from the face of the note that the same was executed by defendants to respondent jointly as joint makers. The facts, so far as may be necessary to a decision of the case, are as follows: At the time of the making and delivery of said note to respondent the defendant W. E. Ruthruff and appellant, L. L. Ruthruff, were husband and wife, and lived in the city of Fargo. Defendant W. E. Ruthruff was on said 11th day of January, 1902, indebted to respondent for goods sold and delivered to him by said respondent in the sum of $300, and on said date executed the note in question. Appellant, L. L. Ruthruff, who was the wife of the defendant, signed said note with her husband as joint maker, but as surety only, for and as an accommodation party. On the 27th day of June, 1902, defendant W. E. Ruthruff died intestate, leaving an estate in Clay county, Minn., of the appraised value of $3,500. Claims were filed against said estate and approved to the amount of $2,467.08; and said estate had not at the time of the trial of this action been closed, and no final accounting or report by the administrator had been made. Said estate was probated in the county of Clay and state of Minnesota, and an administrator thereof duly appointed. Notice to creditors to present their claims against said estate was duly given. After said probate proceedings were started, J W. Tilly, who was then the attorney for appellant, informed Fred Yerxa, who represented the respondent, that the estate of W. E. Ruthruff was being probated in Clay county, Minn., and that there was money or would be money in the estate coming into the

hands of the administrator for the payment of debts, and notified him to file the note or claim with the administrator or probate court of Clay county, and that he said he would; but respondent wholly failed and neglected so to do. Appellant paid no part of said note, and it remains wholly unpaid, and did not file the claim against the estate of her codefendant for the amount of said note, or any part thereof. This action was tried in the district court of Cass county before Judge Pollock; a jury having been waived by both parties. At the close of the case the court made its separate findings of fact and conclusions of law, and ordered judgment in favor of the respondent and against the appellant for the amount of the note and interest. A motion for a new trial by appellant was made and denied, and judgment was entered in favor of respondent and against the appellant for the amount due on said note and interest. From the order denying the motion for a new trial, and the said judgment, this appeal was taken.

Appellant cites sections 6105 and 6106 of the Revised Codes of 1905. Section 6106 provides: "A surety has all the rights of a guarantor, whether he becomes personally responsible or not." Section 6105 provides: "A surety is exonerated: (1) In like manner with a guarantor. (2) To the extent to which he is prejudiced by any act of the creditor which would naturally prove injurious to the remedies of the surety or inconsistent with his rights or which lessens his security; or (3) to the extent to which he is prejudiced by an omission of the creditor to do anything when required by the surety which it is his duty to do." She contends that under the provisions of these sections of our Code she is exonerated and discharged as surety on said note for the reason that she was an undoubted surety only, and has been prejudiced by the failure and neglect of the respondent to present said note against the estate of her codefendant, W. E. Ruthruff. In this connection she cites sections 4511, 4513 and 4514 of the Grand Statutes of Minnesota of 1894, which were in force both at the time of the making of said note and the probating of said estate, and which read as follows: Section 4511: "All claims arising upon contracts whether the same be due, not due, or contingent, must be presented to the probate court within the time limited in said order, and any claim not so presented is barred forever." Section 4513: "No claim or demand shall be allowed that is barred by the statute of limitations, nor shall any offset that is barred by the statute of limitations be

allowed." Section 4514: "No action at law for the recovery of money only shall be brought in any of the courts in this state against any executor, administrator or guardian upon any claim or demand which may be presented to the probate court except as provided in this Code." She further contends that by reason of the failure of the respondent to present the note as a claim against the estate of her codefendant, as hereinbefore stated, and by reason of the foregoing sections of the Minnesota statutes, if she is obliged to pay this note she will have no redress against the estate of the principal, and can in no way protect herself or recover from any person the amount she may be obliged to pay by reason of the judgment against her on said note in this action.

We are agreed that she was not prejudiced by reason of the failure of the respondent to present his claim against the estate of her codefendant, and that she is not exonerated from her liability as surety on said note. In Taylor v. Beck, 13 Ill. 376, which was an action by the plaintiff against a surety, the court uses the following language: "There is no rule of the common law, nor principle of equity, that will enable a surety to relieve himself from liability by a simple request to the creditor to proceed against the principal. The English cases uniformly agree that mere passiveness on the part of the creditor will neither exonerate the surety at law nor in equity; and, independent of the decisions based upon particular statutes, such is decidedly the weight of authority in this country. The notion that the surety can compel the creditor to active diligence against the principal, at the hazard of releasing the surety, is expressly repudiated in the following cases: Bellows v. Lovell, 5 Pick. (Mass.) 307; Leavitt v. Savage, 16 Me. 72; Bull v. Allen, 19 Conn. 101; Executors of Baker v. Marshall, 16 Vt. 522, 42 Am. Dec. 528; Davis v. Huggins, 3 N. H. 231; Croughton v. Duvall, 3 Call (Va.) 69; Manning v. Shotwell, 5 N. J. Law, 585, 8 Am. Dec. 622; Carr v. Howard, 8 Blackf. (Ind.) 190; Executors of Dennis v. Rider, 2 McLean, 451, Fed. Cas. No. 3,797. * * * There is no sound reason for permitting a surety to discharge himself by requesting the creditor to proceed against the principal. The undertaking of a surety is absolute in its terms, and not conditional, as is the engagament of an indorser. He is directly and not contingently liable to the creditor. The latter has a direct remedy against both principal and surety. If the obligation is joint and several, he has an undoubted right to proceed against the surety alone. It is

no part of his contract that he will take active measures to collect the debt. The duty to act rests with the debtors. All that the surety has the right to require of the creditor is that no affirmative act shall be done that will operate to his prejudice, such as an extension of the time of payment by a binding arrangement with the principal, or the giving up of other securities for the payment of the same debt. The law affords the surety a sufficient protection. He can pay the debt the moment it falls due, which is doing more than he agreed to do, and immediately resort to the principal for reimbursement."

In the case at bar appellant could have paid the note and filed the amount she was obliged to pay as a claim against the estate of her codefendant, or she could, without paying it, have filed it as a contingent claim against the said estate, and thus have protected herself. So we cannot see that she was prejudiced by reason of the failure of the respondent to present or file said note as a claim against the estate of her codefendant. She relies upon the decision of the Supreme Court of the state of Minnesota in Seibert v. Quesnel, 65 Minn. 107, 67 N. W. 803, 60 Am. St. Rep. 441, which seem to bear out her contention that, because the respondent failed to have his claim presented against the estate of her codefendant, she was released from her liability as a surety. The soundness of this decision seems to be doubted in the later case, decided by the same court, of Board of County Commissioners v. Security Bank, 75 Minn, 174, 77 N. W. 815. At any rate, the great weight of authority, and we think the better reasoning, is that, in the absence of a statute requiring him to do so, failure of the payee to present his claim against the estate of the deceased principal by request of the surety or otherwise does not release the surety. Villers v. Palmer, 67 Ill. 205; Banks v. State, 62 Md. 88; Sichel v. Carrillo, 42 Cal. 493; Bull v. Coe, 77 Cal. 54, 18 Pac. 808, 11 Am. St. Rep. 235. The above sections of our Code, cited and relied upon by appellant, do not change the general rule as herein announced.

Finding no error in the record, the order and judgment appealed from are affirmed. All concur.