[No. 1889, September 9, 1916.]

KEMP LUMBER CO. v. STANLEY.

### SYLLABUS BY THE COURT.

1. The fact that a demurrer to the complaint, interposed by one defendant, and which attacks the sufficiency of the complaint as against him alone, and does not attack the general sufficiency of the complaint, remains undisposed of when the other defendant is put to trial of the issues between him and plaintiff, furnishes no ground for complaint by the latter defendant.      P. 201

2. In the absence of statute, as in this state, failure of a creditor to present his claim against the estate of a deceased principal ,or failure to bring suit against the principal upon request or demand of the surety, does not relieve the surety from liability upon the demand.      P. 202

Appeal from District Court, Chaves County; McClure, Judge.

Action by the Kemp Lumber Company against J. R. Stanley. From a judgment for plaintiff, defendant appeals. Affirmed.

J. D. MELL of Roswell, for appellant.

GEORGE S. DOWNER of Albuquerque, for appellee.

## OPINION OF THE COURT.

PARKER, J.—This was an action brought by the plaintiff, appellee here, against the defendant, appellant here, and others upon a promissory note. The defendant filed an answer admitting the execution of the note, and by way of new matter alleged that at the time the defendant signed the note, the plaintiff was aware that he was signing as surety, and that another defendant was the principal; that at divers times after the maturity of the note the defendant informed the agent of the plaintiff that the principal debtor was contemplating selling its . property and leaving the state, and demanded that the plaintiff sue on said note, telling the plaintiff that he was not financially able to pay said note, but that the principal was and would pay if sued; that the defendant wrote one of the attorneys for the plaintiff and requested him to attach property to secure the payment of said note; that plaintiff knew that one of the members of the firm which was the principal debtor had died, and that it neglected to file any claim against the estate of said member; that plaintiff neglected, failed and refused to act in the matter of the collection of said note until all the members of the firm which was the principal debtor had disposed of their interests in New Mexico and had removed from the jurisdiction of the court; that by reason of the laches on the part of the plaintiff the defendant had been released from the liability on said note.

The plaintiff demurred to the answer by way of new matter, upon the ground that the same did not state facts sufficient to constitute a defense for the reason that these facts if true were not sufficient in law to discharge the defendant from liability on the said note, either as surety or otherwise. This demurrer was sustained by the court, and, the defendant electing to stand upon his answer and not to plead further, the cause came on for trial.

In the meantime upon motion of the defendant, James M. Dye, administrator of the estate of Frank J. Chance, deceased, was made a party defendant to plaintiff's complaint. He thereupon filed a demurrer to the complaint upon the following grounds, to-wit: (1) That the com-

plaint' sets up three several causes of action, and that they have been improperly united in that the second and third causes of action do not concern the defendant Dye, administrator, but affect only the defendant Stanley; (2) that said complaint does not state facts sufficient to constitute a cause of action as against the defendant Dye, administrator, in this, to-wit: (a) That there is nothing in said complaint to show that this defendant's intestate, Frank J. Chance, was one of the makers of the promissory note set out; (b) that there is nothing in said complaint to show that said promissory note or any claim founded thereon has ever been presented for allowance either to the defendant Dye, administrator, or to the probate court in which the estate of said intestate is being administered. This demurrer of Dye, administrator, was never acted upon by the court. Thereafter a stipulation was entered into between the plaintiff and the defendant Stanley, reciting that the case was composed of three separate causes of action; that the demurrer of the plaintiff to the answer by way of new matter to plaintiff's first cause of action had been sustained, and that the defendant Stanley desired to appeal from the ruling of the court thereon. It was thereupon stipulated and agreed that the second and third causes of action, stated in plaintiff's complaint, be separated from the first cause of action, and that the second and third causes of action be set down for trial upon their merits without delay and without waiting for the outcome of the appeal from the ruling of the court on the demurrer to the answer to the first cause of action, and that upon the failure of the defendant Stanley to plead further as to the first cause of action, a separate judgment might be entered by the court thereon.

Thereafter the first cause of action came on for trial, the demurrer to the complaint of the defendant Dye, administrator, not having been disposed of, and the court awarded judgment for the amount due upon the note, together with attorney's fees and costs, from which judgment this appeal is taken.

The defendant objected to going to trial on the first cause of action for the reason that the issues were not made up; a demurrer to the complaint, by the defendant Dye, administrator, being still pending and undisposed of.

[1]   The first two assignments of error are to the effect that the court erred in compelling defendant Stanley to go to trial when there remained, undisposed of, the demurrer of the defendant Dye, administrator.   In this connection it is to be observed that the cause was at issue between plaintiff and defendant Stanley, the appellant here.   The demurrer of the defendant Dye, administrator, raised two points, viz., that there was a misjoinder of causes of action as to him, and that the complaint failed to state a cause of action against him as such administrator.   There was no demurrer attacking the general sufficiency of the complaint and no point was raised which could by any possibility avail the defendant Stanley.   Under such circumstances he cannot avail himself of the error of the court, if error it was.   Counsel relies upon the proposition that where is a demurrer interposed by one defendant, no trial can be had as to any of the defendants until the demurrer is disposed of, and the judgment on the demurrer inures to the benefit of all.   He cites State v. Williams, 17 Ark. 371.   An examination of that case discloses that the demurrer went to the whole case made by the complaint. ' It is there pointed out that if the demurrer had been special in behalf of one defendant, and had involved no matter common to both defendants, a different result would follow.   See, also, 31 Cyc. 349; Byington v. Stone, 51 Iowa, 317, 1 N. W. 647; Harrison v. Walton, 95 Va. 721, 30 S. E. 372, 41 L. R. A. 703, 64 Am. St. Rep. 830.   In each of these cases the pleadings interposed by one defendant was general and went to the whole cause of action, and was not special to the defendant interposing the same.   It is apparent that the doctrine relied upon by appellant applies only when the demurrer goes to the general sufficiency of the entire complaint.

The appellant also, on this point, runs counter to the fundamental doctrine that only such parties as are in-

jured or prejudiced by a judgment or other action of the court have the right to appeal. 3 C. J. p. 629, § 491; In re Switzer, 201 Mo. 66, 98 S. W. 461, 119 Am. St. Rep. 731, and note at page 747. It is wholly immaterial to the defendant in this case what becomes of the demurrer of the defendant Dye, administrator.

[**2**]   The fourth assignment is to the effect that the court erred in sustaining plaintiff's demurrer to the answer of the defendant by way of new matter. The answer raised two points, viz., that plaintiff, after request by defendant, failed and refused to bring suit against the principal, and that plaintiff failed to file its claim against the estate of one of the makers, then deceased. ˙ Counsel admits that he is without authority to support his contention that this discharged the defendant, but he argues that these facts constituted an equitable defense which the court ought to entertain. Counsel for appellee, in support of the judgment, makes the point that, in the absence of statute, failure of the creditor to present his claim against the estate of a deceased principal, or failure to bring suit against the principal upon request or demand of the surety, does not relieve the surety of liability. This proposition is abundantly supported by authority. Yerxa v. Ruthruff, 19 N. D. 13, 120 N. W. 758, 25 L. R. A. (N. S.) 139, Ann. Cas. 1912D, 809, and note; 32 Cyc. 91, where a multitude of cases are collected. The action of the court, therefore, in sustaining the demurrer to the answer of the defendant is correct.

It follows that the judgment of the court below should be affirmed, and it is so ordered.

ROBERTS, C.J., and HANNA, J., concur.