## BAKER et al. v. GAINES BROS. CO.

No. 7941—Opinion Filed May 22, 1917.

(166 Pac. 159.)

1. **Principal and Surety—Rights of Surety —Suit Against Surety.**

A payee of a note may at his option sue the sureties, or any one of them, without joining in the action the principal and other sureties.

2. **Same—Discharge of Surety.**

The sureties are not released from liability upon a note made by a deceased principal by failure of the payee to file the claim against the estate of the deceased principal.

3. **Same.**

The negligence or passive inactivity of a holder of a promissory note to foreclose a mortgage given to secure its payment is not a defense available to the surety in the absence of a legal demand by the surety upon the holder of the note to foreclose such mortgage.

4. **Pleading—Judgment on Pleadings.**

Where a petition states a cause of action, and the answer fails to set up a legal defense, judgment on the pleadings for plaintiff may properly be rendered.

(Syllabus by Collier, C.)

Error from County Court, Ottawa County; Vern E. Thompson, Judge.

Action by the Gaines Bros. Company against Edgar Baker and another. There was a judgment for plaintiff, and defendants bring error. Affirmed.

A. C. Towne, for plaintiffs in error.

A. C. Wallace, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error against the plaintiffs in error and other defendants, who were not served and who were dismissed at the trial without prejudice, on a promissory note executed by Thos. B. Baker and others.

The amended answer of the plaintiffs in error admitted that they had signed the note sued upon, but did so as sureties only, alleging that Thos. B. Baker, now deceased, was the principal in said note; that A. R. Botts was the duly appointed administrator of the estate of Thos. B. Baker, that said estate was solvent, and that the promissory note sued upon could have been collected by presenting the claim to said administrator, but that said defendant in error failed to do so, and that the time for doing so as provided by law had passed, and that said claim was further secured by a chattel mortgage executed by Thos. B. Baker, principal, and that no effort was made to realize on said mortgage, which covered ample property to satisfy the claim, and that by reason of the neglect and failure of the defendant in error to present said claim to the administrator, and his failure to foreclose said mortgage, the mortgaged property was lost, and that plaintiffs in error are thereby exonerated and not liable in this action, and that said administrator was a necessary party.

Motion was made by the defendant in error for judgment on the pleadings, which motion was by the court sustained, and judgment rendered in favor of the defendant in error, to which action of the court the plaintiffs in error duly excepted and bring error to this court. Hereinafter the parties will be designated as they were in the trial court.

In the brief of defendants three questions are presented and argued as to why the judgment rendered should not be sustained: First, that the administrator was not sued in the action and was a necessary party; second, that by the failure of plaintiff to file his claim against the estate of the deceased principal the sureties were discharged; and,

third, that the plaintiff released the sureties by neglecting to foreclose the chattel mortgage given by the principal. These questions will be considered in their order.

The payee on a note executed by several obligors may proceed against any or all of the makers of said note, and it is settled in this jurisdiction that the contention that the administrator of the deceased maker of a note was a necessary party in the instant case in this action against the sureties is not well taken.

"By virtue of section 4694, Rev. Laws 1910, the holder of a promissory note may, at his option, maintain an action against the parties who sign the same as sureties without joining the principal debtor as a party defendant." Francis v. First National Bank of Eufaula, 40 Okla. 267, 138 Pac. 140; Sayre Commission Co. v. Keen, 26 Okla. 794, 110 Pac. 775; Moorehead et al. v. Daniels, 57 Okla. 298, 153 Pac. 623.

If, however, there was a want of proper parties defendant, it is settled in this jurisdiction that the only way to attack the same is by demurrer, and, as a demurrer was not interposed, consequently, even had there been a want of proper parties defendant, the failure to properly present the question is fatal to the said contention of the defendant.

The failure of the payee of the note to file the same with the administrator of the deceased maker is not a defense available to the sureties.

The liability of the sureties "is not conditioned upon the exercise of diligence by the holder of the obligation to collect of the principal, and the negligence or passive inactivity of the holder is not a defense available to the surety." Union Mutual Ins. Co. v. Page, 65 Oklahoma, 164 Pac. 116.

Again, a surety whose principal died, and whose estate is being administered, may, as is the duty of the surety, pay the claim himself and file it against the estate, or he may file a conditioned claim against the estate without having paid and discharged the debt.

In Yerxa v. Ruthruff et al., 19 N. D. 13. 120 N. W. 758, 25 L. R. A. (N. S.) 139, Ann. Cas. 1912D, 809, it is held:

"A surety is not released from liability by the failure of the creditor to file his claim against the estate of the deceased principal debtor."

In Darby v. Berney Nat. Bank, 97 Ala. 643. 11 South. 881, the court said:

"The gravamen of the fourth and sixth pleas is that, the principal obligor in the note sued on having died, the plaintiff failed to take steps which the law authorized him to take to collect the amount evidenced by the note out of his estate, and hence he should not now recover from the defendant, who is only surety thereon; or, in other words, the defense attempted to be advanced by these pleas is that plaintiff by reason of his inactivity in respect of pursuing his remedies against the principal's estate failed to enforce and collect his claim from that source, and lost the power so to do upon the final settlement of Westbrooke's estate. The release of the principal debtor in this way by operation of law which wrought the result through the mere passiveness of the creditor did not discharge the surety."

See Minter v. Branch Bank, 23 Ala. 762, 58 Am. Dec. 315; Smith v. Smithson, 48 Ark. 261, 3 S. W. 49; Bull v. Coe, 77 Cal. 54, 18 Pac. 808, 11 Am. Rep. 235; Los Angeles County v. Lankershim, 100 Cal. 525, 35 Pac. 153, 556; Fetrow v. Wiseman, 40 Ind. 148; Jackson v. Benson, 54 Iowa, 654, 7 N. W. 97; Ray v. Brenner, 12 Kan. 105; Banks v. State, 62 Md. 88; Bell v. Walker, 54 Neb. 222, 74 N. W. 617; Sibley v. McAlaster, 8 N. H. 389; Moore v. Gray, 26 Ohio St. 525; White v. Savage, 48 Or. 604, 87 Pac. 1040; Willis v. Chowning, 90 Tex. 617, 40 S. W. 395, 59 Am. St. Rep. 842.

Section 1058 of the Revised Laws of 1910 is as follows:

"A surety may require his creditor to proceed against the principal, or to pursue any other remedy in his power which the surety cannot himself pursue, and which would lighten his burden; and if in such case the creditor neglects to do so, the surety is exonerated to the extent to which he is thereby prejudiced."

In the instant case it is not pleaded that any demand was made upon the payee of the note to foreclose the mortgage, and in the absence of such demand the surety cannot plead a discharge of any part of the indebtedness evidenced by the note sued upon by reason of the failure to foreclose the mortgage given to secure payment of the note. Again, the sureties had the right to pay and discharge the indebtedness which the mortgage was given to secure, and upon so doing to have transferred and assigned to them the said mortgage, and thereupon could have proceeded to foreclose the same, and, failing in this, they cannot now set up the negligence of the payee to foreclose the mortgage as a discharge from liability.

"The mere passiveness of the creditor in the collection of his debt, either of the principal debtor or from collateral securities held by him, is not sufficient grounds for discharging the surety." Sandell v. Norment, 19 N. M. 549, 145 Pac. 259.

"The right of a payee on a note to resort to the sureties thereon is not lost because of his failure to sell personal property held as collateral immediately on the maturity of the note." Timmons et al. v. Butler, Stevens & Co., 138 Ga. 69, 74 S. E. 784.

"Mere passivity or inaction by a creditor will not discharge a surety, even though the debt could have been collected from the principal if the creditor had acted promptly, where the creditor acts in good faith and takes no affirmative action detrimental to the surety's rights." National Bank of Commerce v. Gilvin (Tex. Civ. App.) 152 S. W. 652.

"The general rule is that, in the absence of an express agreement to use diligence, or a special request to act, or such peculiar circumstance as to render prompt action of the creditor an absolute duty, mere inaction or passive negligence on the part of the creditor in failing to take steps to secure the collection of his debt from collateral security given to him by the principal debtor is not sufficient of itself to discharge or release a surety from his obligation to pay the debt." 37 Ann. Cas. note, p. 371, and the very many authorities there cited.

"The reason for the rule is founded on the fact that the surety is given ample protection against the inaction or passive neglect of the creditor. If he desires to expedite payment, he may himself pay the debt, acquire all the securities held by the creditor, and become subrogated to all the rights of the creditor." Timmons v. Butler, 138 Ga. 69, 74 S. E. 784; Sandell v. Norment, 19 N. M. 549, 145 Pac. 259.

It follows that the answer filed in this case did not set up a valid defense to the action, and that the court did not err in rendering judgment on the pleadings for plaintiff.

The cause is affirmed.

By the Court: It is so ordered.