[No. 2616.  April 12, 1922.  Rehearing Denied Nov. 10, 1922.]

## ROMERO v. HOPEWELL

### SYLLABUS BY THE COURT

(1)  Lack or want of jurisdiction of a court over the parties which is dependent upon plaintiff's residence is waived by the defendant by failure to properly present the issue prior to answering to the merits.          P. 261

(2)  Discharge of the principal on a promissory note by operation of the statute of limitations does not release nor absolve a surety from liability thereon.          P. 263

(3)  The revival of a suit which is pending against a decedent at the time of his death, within the time prescribed by law for filing claims against his estate, dispenses with the necessity of presenting a claim thereon to the executor or administrator of such estate or filing the same in the probate court.          P. 265

(4)  Where a letter relied upon as tolling the statute of limitations is admitted, and its effect sought to be obviated by pleading its execution was obtained by false and fraudulent representations, the maker of the note sued upon

will not thereafter be permitted to say that such letter does not sufficiently identify the note referred to as being the one sued upon.     P. 268

(5)   A substantial compliance with the provisions of Section 4146, Code 1915, concerning incorporating in or attaching to pleadings in a cause the original or a copy of the written instrument sued upon, is had where the note sued upon, with the signature thereto attached, is copied at length in the amended complaint upon which the cause was tried; it being alleged in such pleading that such note was payable to the order of the maker thereof, and by it indorsed in blank, even though said pleadings failed to refer to or show other and subsequent indorsements on the back of said note.     P. 268

(6)   Even though the letter relied upon as tolling the statute of limitations is conditioned that suit be brought upon the note in question at Pittsburgh, Pa., where the evidence shows a suit was filed at such place against Frank J. Torrance, one of the sureties, which resulted in a judgment and collection of $1,077.57, the condition is sufficiently met and performed in the absence of any evidence showing the circumstances and conditions under which the letter was written or what suit was contemplated thereon.     P. 268

(7)   A debt may be revived by either an admission in writing to pay the same. Both are unnecessary under the provisions of section 3356, Code 1915, but either will suffice. This applies to admissions or new promises made before the debt has become barred as well as those made afterwards.
     P. 272.

Appeal from District Court, San Miguel County; Leahy, Judge.

Suit by Cleofes Romero against Anna Hopewell, executrix of the estate of W. S. Hopewell, deceased. Judgment for plaintiff, and defendant appeals. Affirmed.

E. W. Dobson, of Albuquerque, for appellant.

O .O. Askren, of Santa Fé, and C. G. Hedgcock, of East Las Vegas, for appellee.

### OPINION OF THE COURT

BRATTON, District Judge.   This suit was instituted by appellant, in the district court of San Miguel county, against W. S. Hopewell as one of the sureties on a certain promissory note dated May 25, 1909, due four months after date, executed by the Pennsylvania Development Company, payable to its own order and by

it indorsed in blank.  Frank J. Torrance and Arthur Kennedy were also sureties thereon, the indorsement on the back of the note signed by said sureties being in the following language:

"For value received we hereby become sureties for the payment of the within note, and waive protest, notice of protest, and demand on same."

During the pendency of the case and prior to its trial, the defendant W. S. Hopewell died, whereupon appellee suggested his death and asked that appellant Anna H. Hopewell, executrix of his estate, be substituted as party defendant, which was done after objection by her, in which objection she contended that the suit was of such character that it did not survive the death of the said W. S. Hopewell, had been overruled.  The case was, by agreement of the parties, submitted to the trial court without a jury, and judgment was rendered in favor of the appellee and against the appellant, as executrix as aforesaid, for the full amount of the note sued upon, namely, $14,500.86, from which this appeal has been duly perfected.

[1] Appellant first challenges the correctness of the judgment upon the ground that the plaintiff below (appellee here) was not a resident of San Miguel county at the time the suit was instituted, and hence the trial court had no jurisdiction of the case.  This question was not presented by any form of dilatory plea, but an answer to the merits was filed in which a general denial of that paragraph of the complaint wherein appellee's residence was charged to be in San Miguel county was interposed.  By the first subdivision of section 5567, Code 1915, all transitory actions may be brought in the county where either the plaintiff or defendant, or some one of them, in case there be more than one of either, resides.  It was by virtue of this statute and with an allegation of the plaintiff's residence in San Miguel county that the jurisdiction of the trial court was invoked.  Jurisdiction is of two kinds, one being of the subject-matter, and the other being of the parties.  The former goes to the right of the court to act at all, and

can never be conferred by voluntary appearance, consent, or otherwise, except by virtue of the law creating the same, and its absence may be raised at any time, while the latter may be conferred by consent or voluntary appearance, even though the court, by law, would not otherwise have such jurisdiction. This distinction was clearly stated by this court in the case of Albuquerque & Cerrillos Coal Co. v. Lermuseaux et al., 25 N. M. 686, 187 Pac. 560, in which is was held where a case was of a general class in which all the district courts of the state had jurisdiction, but that the particular case was instituted in the district court of the wrong county, such question was deemed to have been waived in the absence of a specific objection on that ground before pleading to the merits, and further, that the question should have been raised at the first appearance in court. Through Mr. Justice Parker, the court said:

"The Supreme Court of the United States has uniformly held, where the subject-matter was within the jurisdiction of the court, the requirement as to the particular district within which the suit should be brought was but a 'modal and formal one,' which could be waived, and was deemed to have been waived in the absence of specific objection upon such ground before pleading to the merits. * * *

"In the instant case the subject-matter was within the jurisdiction of the district court of Bernalillo County, the defendant appeared to the action and defended on the merits, it failed to advise that court that it objected to assumption of jurisdiction, and, for the first time in this court, assails the jurisdiction of that court to hear the cause. From the foregoing it will be seen that the objection comes too late; that defendant should have raised the question at its first appearance in that court."

Concededly the subject-matter of this case was within the jurisdiction of the district court of San Miguel county, and the appellant as well as W. S. Hopewell, during his lifetime, having failed to present the question of lack or want of jurisdiction of the court over the parties prior to a general appearance and plea to the merits, has voluntarily submitted to the jurisdiction of said court, has waived the right to litigate this question, and we are therefore not required to determine the same.

[2]  It is next urged that the appellee, having permitted the statute of limitations to run and bar a recovery upon said note as to the principal, the Pennsylvania Development Company, who was primarily liable thereon, the sureties were thereby released and absolved from further liability for its payment.  With this contention we are unable to agree.  In Newhall v. Field, 13 N. M. 82, 79 Pac. 711, 12 Ann. Cas. 979, the principal on the note there sued upon had died, and the holder had failed to present the same in the proper form of a claim against the estate to the administrator within the time prescribed by law ,thus permitting to run the statute of limitations with respect to filing claims against an estate.  The defendant Field, who was a surety on said note, contended that by reason of such facts he had become discharged.  The court in disapproving this contention said:

"The holder of the note had his choice of remedies.  The note might have been collected from the estate by filing it as a claim within the period prescribed by law, or the legal holder could bring suit against Mr. Field in a court of competent jurisdiction to recover the amount due thereon.  He chose the latter remedy, and appellant cannot complain.  Appellant might have paid the note himself and set it up as a claim against the estate and saved himself from loss, but having failed to do so he cannot escape liability simply because the time had expired when claims could be filed against the Sanchez estate."

A similar question was again before this court in Kemp Lumber Co. v. Stanley, 22 N. M. 198, 160 Pac. 351, wherein it was said upon this subject:

"The fourth assignment is to the effect that the court erred in sustaining plaintiff's demurrer to the answer of the defendant by way of new matter.  The answer raised two points, viz., that plaintiff, after request by defendant, failed and refused to bring suit against the principal, and that plaintiff failed to file its claim against the estate of one of the makers, then deceased.  Counsel admits that he is without authority to support his contention that this discharged the defendant, but he argues that these facts constituted an equitable defense which the court ought to entertain.  Counsel for appellee, in support of the judgment, makes the point that, in the absence of statute, failure of the creditor to present his claim against the estate of a deceased principal, or failure to bring suit against the prin-

cipal upon request or demand of the surety, does not relieve the surety of liability. This proposition is abundantly supported by authority. Yerxa v. Ruthruff, 19 N. D. 13, 120 N. W. 758, 25 R. A. (N. S.) 139 Ann. Cas. 1912D, 809, and note; 32 Cyc. 91, where a multitude of cases are collected."

The two cases just referred to are in hormony with the settled law elsewhere expressed. Baker v. Gaines Bros. Co., 65 Okl. 192, 166 Pac. 159; Yerxa v. Ruthruff, 19 N. D. 13, 120 N. W. 748, 25 L. R. A. (N. S.) 139, Ann. Cas. 1912D, 809. In People v. Whittemore, 253 Ill. 378, 97 N. E. 683, the Supreme Court of Illinois said:

"Finally, it is claimed that neglecting to file claims against the estates of Jones and Tracy, released appellants to the extent that those estates should contribute to discharge the liability on the bonds. If the claim had been filed against either of those estates, it would have been paid in full, and the estate paying it would have been compelled to resort to Whittemore during his lifetime or his estate after his death. No authority for the position of counsel is cited by them, and the settled rule is that a surety is never discharged because a cause of action, either against the principal or a surety, is barred by the statute of limitations. The estate of Whittemore was not released by the fact that the statute of limitations barred the claim against the other estate."

Also in the case of Eickhoff et al. v. Eikenbary, 52 Neb. 332, 72 N. W. 308, the Supreme Court of Nebraska, in adhering to the rule here announced said:

"It is a well-settled principle of law, several times recognized by this state that mere forbearance to sue a principal will not discharge a surety. In order to operate as a discharge, the plaintiff must do some act which releases the principal, or suspends the right to proceed against him, and a mere failure to proceed with the present power of doing so does not operate as a discharge."

From the foregoing it is clear that the weight of authority is that a surety on a note is not relieved of his liability, nor his obligation to pay by the mere fact that the statute of limitations has been allowed or permitted to run against the principal maker thereof. The payee does not contract to sue the principal before the statute operates, nor to otherwise protect the surety against payment thereof of loss thereon. His remedy is to pay

off the note and proceed against the principal for reimbursement.

Appellant seeks to invoke the provisions of the third subdivision of section 714, Code 1915, as a release of liability, contending that when the Pennsylvania Development Company, who was primarily liable thereon became released and discharged, the statute referred to operated to release the sureties who were secondarily liable. The statute does declare that a person who is secondarily liable on a promissory note, is discharged when the person priorly liable thereon is discharged, but we think it contemplates some affirmative act on the part of the holder of the note which operates to discharge such persons primarily liable therefor, and does not contemplate a discharge by mere passive conduct on his part, or failure to take some affirmative act or step, such as to sue the principal thereon.

[3] The next contention of appellant is that the trial court erred in proceeding with the cause and rendering judgment because no claim against the estate of W. S. Hopewell, deceased, predicated upon the note sued upon, had been either presented to the executrix of his estate or filed in the probate court of Bernalillo county, where such estate was in process of probation. Upon this subject it is noted that the case was pending when W. S. Hopewell died; that he had filed an original and first-amended answer in each and both of which he denied liability upon the note; that, after the executrix was substituted as defendant, she appeared, adopted his answer, and proceeded with the contest which resulted in the judgment against her. She did not plead such failure to present or file such claim, and no such issue was formed upon the pleadings but was first raised or presented by a supplemental objection to the introduction of the note in evidence, made at the close of all the evidence. We might dispose of this question by following the case of Coleman v. Bowles (Okl. Sup.) 181 Pac. 304, wherein the facts with reference to the manner in which this question was presented were almost identical

with the present case, and the Supreme Court of Oklahoma held that it was unnecessary to determine whether the claim was of that character necessary to be presented or filed in the probate court because the question was not timely and properly raised, in that it was not an issue formed by the pleadings. There the administratrix objected on the threshold of the trial to the introduction of any evidence because the claim had not been filed, and here the executrix did not call the subject to the attention of the trial court until after all the evidence had been submitted, and then by an additional or supplemental objection to receiving the note in evidence. We could well dispose of this case by following the case referred to, which we consider to be sound in principal, but this being a legal question which has never been decided in this state, we prefer to determine it and settle the law with respect thereto. Sections 2276 to 2279, both inclusive, Code 1915, have to do with the preparation, presenting, filing, and hearing of claims in the probate court, appeals therefrom, as well as bringing independent suits in the district court upon such claims which have been disallowed. Section 2278, is in the following language:

"All claims against the estates of deceased persons not filed and notice given, as provided in the preceding section, within one year from the date of the appointment of the executor or administrator, shall be barred. No suit upon any claim shall be maintained unless the same be begun within eighteen months after the date of such appointment."

Section 2279 provides that a hearing in the probate court may be had upon any claim not expressly admitted in writing by the executor, and, if rejected, the claimant may appeal to the district court or bring an action on such claim in the district court within six months after such rejection, said section being as follows:

"All claims filed and not expressly admitted in writing signed by the executor, shall be considered as denied without any pleading on behalf of the estate. If a claim filed against the estate is not so admitted, the court may hear and allow the same or may reject it. In the latter case the claimant may appeal to the district court or bring his action

therefor against the executor or administrator in the district court within six months after the rejecion of the claim by the probate court, and not afterwards; but no such appeal shall be taken or action brought more than eighteen months after the appointment of the executor or administrator. The executor * * * shall in like manner have the right to appeal from the allowance of any claim."

Thus a full and complete remedy is afforded a claimant to present his claim for allowance, and, if rejected, to proceed with a hearing in the probate court, and, in case he suffers an adverse decision, to either appeal therefrom to the district court or file a suit upon such claim at any time within six months after such adverse decision.

Sections 4263 to 4281, both inclusive, Code 1915, deal with the revival of pending cases upon the 'death of any party or parties thereto. By such sections, a comprehensive precedure in such cases is prescribed. Section 4265 provides that no action which is pending shall abate by the death of either or both parties thereto, except an action for libel, slander, malicious prosecution, assault, assault and battery, for a nuisance, or against a justice of the peace for misconduct in office, and that these actions shall abate upon the defendant's death. This section is in this language:

"No action pending in any court shall abate by the death of either, or both, the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant."

Section 4268 is as follows:

"When one of the parties to an action dies, or his powers as a personal representative ceases before the judgment, if the right of action survive in favor of or against his representative- or successor, the action may be revived and proceed in their names."

Sections 4269, 4270, and 4271 prescribe the procedure in reviving such a cause. Section 4274 deals specifically with regard to the revival of an action where a defendant dies, and provides thus:

"Upon the death of a defendant in an action, wherein the right of any party thereof survives against his personal representatives, the revivor shall be against him, and it may also be against the heirs or devisees, * * * or both, when the right of action or any part thereof survives against them."

[4-6] The question then for consideration is whether the statutes with regard to reviving suits which are pending at the time the defendant dies, dispense with the necessity of presenting a claim predicated upon the indebtedness involved in the suit to the adminstrator or executor and pursuing the course prescribed by the statutes regarding such claims when once filed, viz., if not allowed by such administrator or executor proceeding with a hearing thereon in the probate court, and in case of a defeat there to either appeal to the district court or bring an independent suit thereon in the district court. We think the statutes provide a complete right and remedy to revive a case which is pending at the time a decedent dies, and to dispense with the necessity of filing such claim in the probate court, otherwise their force and effect would be entirely nullified, and they would become entirely ineffective. If a person holding such a claim, so pending in suit, is required to present his claim to the administrator or executrix and, if not allowed to file it in the probate court, then proceed with the hearing there, and if defeated to either litigate the matter in the district court by a direct appeal from the probate court or by an independent suit to be filed in the district court within six months after such adverse decision of the probate court, he could never litigate the question in the suit which was pending at the time his debtor died, because all dispute with respect to such indebtedness would necessarily be adjudicated in the district court, not in the original case so pending, but in the appealed case or in the independently filed suit.

It inevitably follows that the original suit would become abated as the questions involved would be fully and finally adjudicated in the district court in such appealed or independently filed case, and be reason of res

adjudicata the original suit would necessarily become abated, which the statutes quoted expressly contemplate shall not occur. In Michael v. Bush et al., 26 N. M. 612, 195 Pac. 904, we held that, when a claim against an administrator is once filed in the probate court, the district court has no original jurisdiction over the subject-matter involved in such a claim, and can hear it only on appeal, the right to file an independent suit upon rejected claims not being involved in nor decided in that case. It is affirmatively held therein that when a claim is once filed in the probate court it can only reach the district court in the manner prescribed by statute, which is by appeal or by independent suit filed within the time prescribed by statute. California, Idaho, Oklahoma, Washington, and perhaps other states, have statutes expressly providing that claims which are involved in pending suits at the time the decedent dies shall nevertheless be presented to the administrator or executor, and hence the decisions of such states which are predicated upon such statutes are not applicable here, as we have no such statute. The weight of authority in those states which do not have such statutes, into which class we fall, is that the mere pendency of a suit is not sufficient to dispense with the necessity of presenting and filing the claim, but that the pendency of such suit and a revivor thereof, within the time prescribed for filing claims against the estate, are equivalent to and dispense with the necessity of filing the same, as the object and purpose of presenting claim in legal form is to advise the administrator or executor of the claim, as well as the liabilities of the estate, and this is fully accomplished by reviving and proceeding with the case. In 24 C. J. 321, § 940, it is said:

"The mere pendency of a suit against decedent at his death is not a presentation or exhibition of the claim within the meaning of the statute of nonclaim, nor does it dispense with the necessity of presentation, unless the statute so provides. But where plaintiff, within the time limited for the presentation of claims, obtains an order of revivor or making the administrator a party to such suit, this order is generally equivalent to, and dispenses with, the actual presentation of the claim, unless the statute requires a presentation of the claim under such circumstances. There must, however, be

a revivor within the period limited by statute for presentation in order to prevent the claim becoming barred, and of course the action must have been on the specific claim, and not for another purpose. If plaintiff suffers a nonsuit after such revivor, and institutes a new suit within a year, it is not necessary to exhibit the claim again to the administrator."

The substance of the Oregon statute with regard to pending actions abating on the death of a party is practically the same as ours, and in Home v. Selling et al., 91 Or. 428, 179 Pac. 261, it is said:

"We cannot sanction the defense to the effect that no claim had been presented to May's guardian or to his executors. We remember that he died after the commencement of the action. It is said in section 38, L. O. L.: 'No action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In the case of the death, marriage, or other disability of a party, the court may, at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representatives or successors in interest.' The effect of sustaining this defense as pleaded would be to abate the action, which the statute just quoted says shall not happen on the death of a party. It is not required that a claim shall be presented to a guardian. Strictly speaking, indeed, he is not a party to the action. It is properly brought directly against his ward, who must appear by guardian."

See, also, Clodfelter et al. v. Hulett, 92 Ind. 426.

We therefore think, and this is in harmony with the settled principal of law, that a court first acquiring jurisdiction over the subject-matter of a suit retains such jurisdiction for all purposes, unless deprived of the same by statutory enactment; it is unnecessary to present a claim to the administrator or executor or file the same in the probate court and proceed there as provided by the statutes governing such matters, where the same is pending in suit against the decedent at the time of his death, but, on the contrary, a revival of the case as provided by law, within the time prescribed by law for presenting and filing such claims dispenses with the necessity of filing such claim.

The refusal of the court to find that the appellee had failed to incorporate in or attach to his pleadings the

original note sued upon or a copy thereof, and that no sufficient reason for such failure was given, is next assigned as error. The face of the note was copied in full in the amended complaint, upon which the cause was tried, as well as the signature thereto attached. Immediately thereafter, followed an allegation that it bore the indorsement of said Pennsylvania Development Company on the back thereof, and it was subsequently charged in said pleading that the plaintiff owned and held the same. The original note, when tendered in evidence, bore the following indorsements, the omission of which in the pleading forms the basis of this contention:

"Pennsylvania Development Co. by W. D. Hagan, Treas. Pay to the order of Cleofes Romero, Eugenio Romero."

Section 4146, Code 1915, with respect to incorporating in or attaching to pleadings copies of written instruments upon which the cause of action or defense is founded, is in the following language:

"When any instrument of writing upon which the action or defense is founded is referred to in the pleadings, the original or a copy thereof shall be filed with the pleading, if within the power or control of the party wishing to use the same, and if such original or a copy thereof be not filed as herein required or a sufficient reason given for failure to do so, such instrument of writing shall not be admitted in evidence upon the trial. Provided, that when a number of such instruments of writing are so referred to in the same pleadings, and all are substantially the same form and tenor, it shall be sufficient to file with such pleading a copy of one of such instruments, referring to the others in a manner sufficient for their identification."

The appellee, it will be observed, did copy the note sued upon at length in his amended complaint, and then alleged it was indorsed by the Pennsylvania Development Company, and that he was the holder and owner thereof. This, we think, constituted a substantial compliance with the terms of the quoted statute.

The last question presented for our consideration is that the letter relied upon by appellee as tolling the statute of limitations is insufficient for two reasons, namely, that it is indefinite and does not sufficiently

describe the note or indebtedness therein referred to, and that it is conditioned upon a suit being brought against the Pennsylvania Development Company, which it is admitted was never done. This letter is in the following language:

"Albuquerque, New Mexico, March 29, 1915.

"Mr. Cleofes Romero, Estancia, N. M.—Dear Sir: Mr. Davis has advised me that he has forwarded the note of the Pennsylvania Development Company, on which Frank J. Torrance, Arthur Kennedy and myself are sureties, to Pittsburgh, with instructions to bring suit upon it. This note is still unpaid and I recognize my liability upon it, and now renew my undertaking for its payment.

"Yours truly,                    W. S. Hopewell."

The first question may be disposed of by merely saying that, in the answer filed by W. S. Hopewell and subsequently adopted by the appellant, the letter as pleaded was fully admitted, but its force was sought to be obviated by alleging that the execution thereof was obtained by false and fraudulent representations. Having thus fully admitted the letter, appellant will not be heard to thereafter make this contention.

[7] Turning now to the second question, that the letter was conditioned upon a suit being instituted against the Pennsylvania Development Company, we think it will not bear this construction. It might be urged that it was executed upon condition that a suit be brought upon the note at Pittsburgh. The record affirmatively shows that a suit was there instituted against the surety Frank J. Torrance, judgment thereon obtained, and, after his death and out of his estate, the sum of $1,077.57 was realized and credited upon the note. No evidence was offered by either party concerning the circumstances under which the letter was written, nor what suit was therein contemplated, and with this condition of the record obtaining, we are unable to say that W. S. Hopewell intended a suit should be brought at Pittsburgh against the Pennsylvania Development Company. Furthermore, this letter clearly, unmistakably and without condition, admits the debt is unpaid, and it is now the settled law of this state that

under the provisions of section 3356, Code 1915, a cause of action may be revived by either an admission in writing that the debt is unpaid, or by a new promise in writing to pay the same. Both such admission and new promise are not necessary, but either will suffice. Cleland v. Hostetter, 13 N. M. 48, 79 Pac. 804; Joyce-Pruit Co. v. Meadows, 27 N. M. 529, 203 Pac. 537. This statute applies with equal force to admissions or new promises made before the debt becomes barred as to those made afterwards. Bullard v. Lopez, 7 N. M. 561, 37 Pac. 1103. Manifestly, therefore, appellant's said assignment must be overruled.

There being no reversible error in the record, the judgment of the lower court will be affirmed, and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.