**OSAGE OIL & REFINING CO. et al. v. DICKASON-GOODMAN LUMBER CO.**

No. 13813—Opinion Filed Oct. 14, 1924.

Rehearing Denied Dec. 16, 1924.

1. **Pleading—Allowance of Amendments—Discretion of Court.**

The permitting of the filing of amended pleadings rests within the discretion of the court, and, where the applicant fails to disclose the contents or show the character and purpose of the desired amendment, it is not an abuse of discretion to deny such application.

2. **Bills and Notes—Defense of Surety—Mere Failure of Payee to File Materialman's Lien.**

The passive inactivity or failure of the payee of a promissory note, given for the purchase price of lumber or other material furnished by the payee to the maker of a note in the construction of certain improvements, to file and foreclose the materialman's lien, does not, in the absence of a legal demand upon the payee by the surety on said note to file and foreclose said materialman's lien, exonerate or discharge the surety from liability on said note.

3. **Bills and Notes—Attorney Fee for Collection—Reasonableness — Burden of Proof.**

Where the holder of a note brings suit for the collection thereof and for the amount of the attorney's fee, stipulated therein, and the attorney's fee is attacked on the ground that it is exorbitant and excessive, the burden of proving such defense is upon the defendant; the plaintiff may stand upon such stipulation, and is not required to prove that the stipulated fee is not exorbitant or excessive.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; A. C. Brewster. Assigned Judge.

Action by Dickason-Goodman Lumber Company against the Osage Oil & Refining Company and James E. Whitehead. Judgment for plaintiff, and defendants bring error. Affirmed.

See, also, 108 Okla. 14, 231 Pac. 477.

W. N. Redwine, for plaintiff in error.

Ross & Thurman and John F. Kerrigan, for defendants in error.

Opinion by JARMAN, C. This was an action by the Dickason-Goodman Lumber Company against the Osage Oil & Refining Company and James E. Whitehead to recover on two promissory notes; both of the notes are in the same form and are identical, except as to the maturity dates; and are as follows:

"For Building Material.

"$5168.20 Town, Oklahoma City, Date Nov. 10, 1920.

"February 1st, 1921, after date for value received I, or we, promise to pay to the order of Dickason-Goodman Lumber Company, at its office in Hominy, Okla. Five thousand one hundred sixty-eight and 20-100 ($5,168.20), with interest at 8 per cent. per annum from date until paid.

"This note is given as evidence of the amount due the payee for lumber and materials delivered to it at the undersigned's request, to be used in the buildings and improvements situated on the S. W. ¼ section 12, 22 N., 10 E., and N.E.¼, section 25-22 N. 10 east Osage county, Oklahoma.

"And it is hereby specifically agreed that the payee by accepting this note shall not waive nor forfeit any of its rights by virtue of the mechanic's lien law. The makers and indorsers hereof jointly and severally waive demand, notice and protest, and waive all rights of exemption, and sureties consent that time of payment may be extended without notice thereof, and hereby recognize and admit the right of the payee to a valid mechanic's lien on said buildings and premises for the full amount hereof. It is also agreed that if this note is put in the hands of an attorney after maturity thereof, or collected by suit, a ten per cent. attorney's fee may be taxed as costs, the minimum attorney's fee to be twenty-five dollars. The last material used in the construction of the above described buildings and improvements was delivered October 15, 1920.

"Osage Oil & Refining Company,

"By J. E. Whitehead, President.

"J. E. Whitehead."

The defendant Osage Oil & Refining Company answered by way of general denial, and further pleaded that said notes did not belong to the plaintiff, and were never delivered; that said notes were given in settlement of the contract price for building oil well rigs, including material furnished, and that the same had not been built according to contract, and that, therefore, the consideration for said notes failed.

The defendant Whitehead answered by way of general denial, and adopted the answer filed by the Osage Oil & Refining Company as a part of his answer, and pleaded further that he signed said notes as an accomodation surety, only, for the sole use and benefit of his codefendant, the Osage Oil & Refining Company.

The plaintiff introduced the notes in question and evidence showing that it was the

owner of said notes, and that same were past due and payable, and that there was a balance due thereon in the sum of $11,024.25. The evidence on the part of the plaintiff discloses, further, that said notes were given for material furnished in the building or construction of certain oil well rigs on the land referred to in the body of the notes, supra.

The defendant Osage Oil & Refining Company failed to introduce any evidence in support of its answer, and the defendant Whitehead, in support of his answer, testified that he was the president of the Osage Oil & Refining Company; that he never received any consideration for the notes in question, but the entire consideration was received by the Osage Oil and Refining Company, and that he signed said notes as an accommodation surety, only. The said witness offered to testify that no one, for and on behalf of the plaintiff, filed a mechanic's or materialman's lien, securing said notes, in the office of the court clerk of Osage county, where the land is situated, on which the improvements were constructed, and offered, further, to show that no suit had ever been filed by the plaintiff to foreclose such lien so as to preserve same, which offer was denied by the court, and said defendant excepted. Thereupon the defendants rested their case and the plaintiff demurred to the evidence of the defendants and moved for an instructed verdict, which demurrer was sustained, and the jury, under the direction of the court, returned a verdict in favor of the plaintiff and against the defendants in the sum of $11,024.25, with interest at eight per cent. from that date, March 21, 1922.

When said cause came on for trial both the plaintiff and defendants announced ready, and a jury was duly impaneled, and the defendant Whitehead then asked leave of the court to file an amended answer. The record does not disclose that said answer was ever tendered, and it does not appear what the contents were of the amended answer the defendant sought to file, and the court denied the request to file said amended answer, and this is the first assignment of error urged by the defendant. The permitting of amended pleadings to be filed is a matter resting within the discretion of the court, and, where the applicant fails to disclose the contents or show the character or purpose of the amendment desired, it is not an abuse of discretion to deny such application. Jantzen v. Church, 27 Okla. 473, 112 Pac. 1127.

The defendants contend that the failure of the plaintiff to file the lien statement and to institute suit to foreclose the same lost the security for the indebtedness, in the form of the materialman's lien, and absolved and released the defendant Whitehead from further liability on said note, he being an accommodation surety. A disposition of this question determines all of the other questions presented here except the proposition of attorney's fees, hereinafter discussed. The defendant did not plead that any demand was made upon the plaintiff to file said lien statement and institute suit to foreclose the lien, nor is there any evidence introduced to show that any such demand was ever made. The defendant contends that, under the second subdivision of section 5153, Comp. Stat. 1921, providing that a surety is exonerated—

"To the extent to which he is prejudiced by any act of the creditor which would naturally prove injurious to the remedies of the surety or inconsistent with his rights, or which lessens his security"

—he was exonerated from any further liability on said note as surety, by the failure of the plaintiff to preserve and foreclose its materialman's lien. It will be observed that section 5153, supra, provides that a surety is exonerated to the extent to which he is prejudiced by any act of the creditor, and not by the mere failure to act or passivity of the creditor. We do not think this section of the statute, relied upon by the defendant, is applicable here. Section 5155, Comp. Stat. 1921, is applicable, and afforded the defendant full and complete protection, said section being as follows:

"A surety may require his creditor to proceed against the principal, or to pursue any other remedy in his power which the surety cannot himself pursue, and which would lighten his burden; and if in such case the creditor neglects to do so, the surety is exonerated to the extent to which he is thereby prejudiced."

Since the surety did not demand nor require the creditor to file the lien statement and foreclose the same, the surety is not discharged of any part of the indebtedness evidenced by the notes sued upon by reason of the failure of the creditor to file said lien and foreclose the same. The principle involved here was decided by this court in the case of Baker v. Gaines Bros. Co., 65 Okla. 192, 166 Pac. 159, as follows:

"The negligence or passive inactivity of a holder of a promissory note to foreclose a mortgage given to secure its payment is not a defense available to the surety in the absence of a legal demand by the surety upon the holder of the note to foreclose such mortgage." Union Mut. Ins. Co. v.

Page, 65 Okla. 101, 164 Pac. 116; Moorehead v. Daniels, 57 Okla. 298, 153 Pac. 623.

There is no reason why Whitehead could not, under section 5158, Comp. Stat. 1921, have paid the notes and been subrogated to all the rights of the plaintiff with reference to the materialman's lien, and thereby protected himself. In commenting on the rule that passiveness of the creditor, in the collection of his debt from the principal or from securities held by him, does not discharge the surety, this court, in the case of Baker v. Gaines Bros. Co., supra, quotes with approval the following language:

"The reason for the rule is founded on the fact that the surety is given ample protection against the inaction or passive neglect of the creditor. If he desires to expedite payment, he may himself pay the debt, acquire all the securities held by the creditor, and become subrogated to all of the rights of the creditor." Timmons v. Butler, 138 Ga. 69, 74 S. E. 784; Sandell v. Norment, 19 N. M. 549, 145 Pac. 259.

It is next contended that the court erred in rendering judgment for $1,102.42 attorney's fee.

In the answer of the defendant Whitehead it was alleged that "the 10 per cent. attorney's fee sued for by plaintiff is excessive and oppressive." No proof was offered by the defendant in support of this allegation. Since the notes provided for 10 per cent. attorney's fee, it was not necessary for the plaintiff to prove that such fee was not exorbitant or excessive but the burden of proving that said fee was oppressive or excessive was upon the defendant; and, therefore, the court acted properly in rendering judgment for 10 per cent. of the amount, found by the jury to be due the plaintiff, as attorney's fee. Hatcher v. Kinkaid, 48 Okla. 163, 150 Pac. 182.

It is also urged by the defendant that the language in the notes, with reference to attorney's fee, is indefinite as to the amount, and that, therefore, it was necessary for the plaintiff to introduce evidence to determine the amount of attorney's fee chargeable under the terms of the note. We do not think the language is indefinite or uncertain in this regard for it is plainly stipulated that if the note is put in the hands of an attorney after maturity thereof or collected by suit that a 10 per cent. attorney's fee may be taxed as costs, and, to give this language any meaning at all, it means 10 per cent. of the amount due on the note shall be taxed as attorney's fee, and the note provides that in no event shall the attorney's fee be less than $25.

There is no prejudicial error in this record and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.