**FEDERAL LAND BANK OF WICHITA, KAN., v. DENSON et ux.**

No. 21949.    April 9, 1935.

Rehearing Denied May 14, 1935.

W. E. Pepperell, J. P. Flinn, and Blanton, Osborn & Curtis, for plaintiff in error.

R. E. Bowling, for defendants in error.

PER CURIAM.    The Federal Land Bank

of Wichita, Kan., a corporation, hereinafter referred to as the plaintiff, instituted this action in the lower court to foreclose a real estate mortgage, alleging as a breach of the terms of the mortgage the failure on the part of George E. Denson et al., hereinafter referred to as the defendants, to pay certain drainage assessments.

The mortgage was executed on May 13, 1927. The unpaid drainage assessments were levied for the years 1924 1929, inclusive. Petition was filed in the district court on January 16, 1930.

The defendants by way of answer denied there were any unpaid drainage taxes and assessments other than those which the plaintiff, through its alleged agent, M. A. Lasater, agreed to pay at the time the mortgage was made. By cross-petition the defendants allege the mortgage sued upon should be reformed because of mistake of fact concerning the amount of unpaid drainage assessments existing at the time of the execution of the mortgage.

The application of the defendants for the loan secured by the mortgage was made through a local farm loan association connected with the plaintiff. Incidentally, there arose the question of whether the secretary-treasurer of the local association was the agent of the plaintiff or the defendants.

The case was tried without the intervention of a jury. The trial court found the defendants, who made the note and mortgage sued upon, had failed, refused, and neglected to pay the drainage taxes or assessments levied and assessed for the years 1924-1929, inclusive, and that the plaintiff, to protect and preserve its lien, was compelled to pay such taxes. The court concluded, however, that the failure of the defendants to make payment of the drainage assessments did not constitute a sufficient breach of the terms and conditions of the mortgage to entitle the plaintiff to accelerate the maturity of the note and mortgage or to entitle the plaintiff to a foreclosure. The court also held the action, in so far as it pertained to a foreclosure, was prematurely brought. No findings of fact favorable to the defendants were made in regard to agency or mistake. Plaintiff and defendants appealed.

It is contended on behalf of the defendants that certain negotiations relating to the mortgage and payments of the drainage assessments were had with M. A. Lasater, secretary-treasurer of the Garvin County National Farm Loan Association, and that said Lasater was the agent of the plaintiff.

The plaintiff, the Federal Land Bank of Wichita, Kan., exists by virtue of the so-called Federal Farm Loan Act and its amendments: U. S. Comp. St. Supp. 1925, sec. 9635b et. seq., 12 USCA, sec. 651, et seq. This act creates three separate agencies with distinct and independent functions:

(1) The Federal Farm Loan Board, which is given general supervision over the administration of the act.

(2) The Federal Land Banks, which are separate and independent corporations with no power of supervision or regulation over farm loan associations other than to recommend for or against an application of these associations for the granting of their charters.

(3) The National Farm Loan Associations, which are authorized to be created by ten or more persons who own farm land qualified for loans under the act. These associations, purely local, if granted charters, become, under the act, separate corporations. The principal function of these local associations is to receive applications from the owners of qualified lands for loans. All applicants for farm loans are required to become members of the association. Each association elects its own board of directors, and each board of directors in turn chooses the officers of the association, including a secretary treasurer, who is the only paid officer of the corporation.

The limitation of authority of a secretary-treasurer of a National Farm Loan Association has been set forth in the case of Bjorkstan et ux. v. Federal Land Bank of Spokane et al. (Wash.) 244 P. 981, in which the third syllabus is as follows:

"Under Federal Farm Loan Act (U. S. Comp. St. Supp. 1925, sec. 9835b, et seq.), secretary-treasurer of local farm loan association is not agent of Federal Land Bank making loan. but is public agent, whose authority parties dealing with him in that capacity were bound to know."

This case was also referred to in the case of Whitaker v. Fulton (Tex. Civ. App.) 17 S. W. (2d) 1079, wherein the same question was involved, and the court said in part:

"It is claimed by the appellant that the Grayson National Farm Loan Association, through R. S. Fulton, its secretary, had actual information of the simulated sale, and their knowledge was legally imputable to the federal land bank. We hold otherwise."

In Holvick v. Black et al. (N. D.) 221 N.

W. 71, it is there again held that the secretary-treasurer of the local association is not the agent of the Federal Land Bank, but of the borrower.

The defendants complain of mistake of fact and refer to section 5001, C. O. S. 1921 (sec. 9422, O. S. 1931), which reads in part as follows:

"Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake. * * *"

The alleged mistake of fact complained of by the defendants is based altogether upon alleged acts of omission or commission on the part of M. A. Lasater, secretary-treasurer of the Garvin County National Farm Loan Association, and the premise that such secretary-treasurer in his official capacity acted as the agent of the plaintiff. The secretary-treasurer, as has been herein set forth, was the agent of the borrowers, the defendants. Consequently, this contention of mistake of fact, erroneously based upon the alleged agency of the secretary-treasurer, is without merit.

The mortgage sought to be foreclosed provided in part as follows:

"If any of the payments under the above-described note be not paid when due, or the parties of the first part shall permit any taxes or assessments on said lands to become delinquent, * * * or shall fail to keep or perform all and singular the covenants, conditions, and agreements herein contained, then the whole note hereby secured shall at the option of the parties of the second part immediately become due and payable, and this mortgage subject to foreclosure, and in the event of foreclosure parties of the second part may recover as part of the costs of said foreclosure a reasonable attorneys' fee. * * *"

It is undenied that the taxes or assessments for 1924-1929, inclusive, were not paid by the defendants as required by the terms of the mortgage. That the nonpayment of taxes or assessments is a breach of the terms of the mortgage, entitling the holder of the mortgage to foreclose, has been repeatedly held.

In Hume v. Indiana Nat. Life Ins. Co. (Ark.) 245 S. W. 19, the fourth paragraph of the syllabus reads:

"Where mortgage required mortgagor to keep taxes paid, and entitled mortgagee, on mortgagor's failure to comply with the terms of the mortgage, to declare the entire amount due, the mortgagee, on mortgagor's failure to pay taxes, could declare the total amount due, and bring action to foreclose the mortgage on nonpayment thereof."

To the same effect is Bartlett Bros. Land & Loan Co. v. Rees et al., 80 Okla. 225, 195 P. 757, in which the court in the first paragraph of the syllabus states in part:

"The mortgagee, by payment of delinquent taxes which the mortgagor had covenanted to pay and had failed to pay, did not thereby waive its right to foreclose the mortgage."

It therefore follows that the judgment of the trial court, in so far as it refused the relief prayed for by the defendants, is affirmed, and, in so far as it denies the relief prayed for by the plaintiff, is reversed, with directions that judgment be entered in favor of the plaintiff in conformity with the proof offered and the views herein expressed. It is also incidentally directed that evidence be taken as to proper attorneys' fees.

The Supreme Court acknowledges the aid of District Judge W. A. Woodruff, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by this court.

McNEILL, C. J., and BAYLESS, BUSBY, WELCH, and CORN, JJ., concur.