### YELL v. DAVIS.

No. 30013.   Jan. 20, 1942.

Rehearing Denied March 24, 1942.

*123 P. 2d 681.*

Rutherford H. Brett, of Ardmore, for plaintiff in error.

N. E. Ticer, of Wilson, for defendant in error.

RILEY, J.   This is an appeal from a judgment against plaintiff in error, herein referred to as defendant, upon a promissory note.

In the trial below defendant presented two defenses, (1) the statute of limitations, and (2) that defendant signed the note sued upon as surety only, and that the payee, plaintiff below, took a chattel mortgage from the principal maker as security for said note in addition to defendant's signature as surety, and that plaintiff willfully and negligently failed and neglected to enforce the chattel mortgage and permitted the property to be lost or dissipated, whereby defendant is exonerated from liability as surety.

In his brief, defendant admits that his defense as to the statute of limitation was not well taken, but insists that under the record he is conclusively shown to be a surety only, and that he should be released because of failure of plaintiff to enforce the chattel mortgage. The difficulty with this contention is that defendant neither pleaded nor proved a demand on plaintiff to enforce the chattel mortgage as provided in section 9632, O. S. 1931, 15 Okla. Stat. Ann. § 379.

In the absence of such plea and proof, defendant cannot rely on failure of the plaintiff to enforce the chattel mortgage. In Baker et al. v. Gaines Bros. Co., 65 Okla. 192, 166 P. 159, it is held:

"The negligence or passive inactivity of a holder of a promissory note to foreclose a mortgage given to secure its payment is not a defense available to the surety in the absence of a legal demand by the surety upon the holder of the note to foreclose such mortgage."

In the opinion it is said:

". . . and in the absence of such demand the surety cannot plead a discharge of any part of the indebtedness evidenced by the note sued upon by reason of the failure to foreclose the mortgage given to secure payment of the note. Again, the sureties had the right to pay and discharge the indebtedness which the mortgage was given to secure, and upon so doing to have transferred and assigned to them the said mortgage, and thereupon could have proceeded to foreclose the same, and, failing in this, they cannot now set up the negligence of the payee to foreclose the mortgage as a discharge from liability."

See, also, Osage Oil & Refining Co. et al. v. Dickason-Goodman Lumber Co., 106 Okla. 119, 231 P. 475. Under the rule there stated, the defense relied upon must fail.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. DAVISON, J., absent.