### YAFFE v. BANK OF CHELSEA.
### No. 35997.

Supreme Court of Oklahoma.
April 27, 1954.
Rehearing Denied June 8, 1954.

Sam Goodkin, Fort Smith, Ark., Holtzendorff & Holtzendorff, Claremore, for plaintiff in error.

Bassmann & Gordon, by G. Raymond Bassmann, Claremore, Doerner, Rinehart & Stuart, Harry D. Moreland, Tulsa, for defendant in error.

ARNOLD, Justice.

The Bank of Chelsea as plaintiff brought this action on a promissory note in the amount of $5,000 executed by Twin River Sales, Inc., a corporation, and endorsed by J. V. Murph and William Yaffe in the District Court of Rogers County against William Yaffe alone. The petition alleges that William Yaffe is a non-resident of the State of Oklahoma and cannot be personally served with summons in Rogers County; that on September 11, 1950, for the consideration of a loan of $5,000 Twin Rivers Sales, Inc. and J. V. Murph and defendant William Yaffe made, executed and delivered the note sued upon by the terms of which they jointly and severally agreed to pay to plaintiff said sum on November 11, 1950, with interest at the rate of 10 per cent from maturity; that as security for said note and on the same date and at the same time and for the same consideration Twin Rivers Sales, Inc., made, executed and delivered a chattel mortgage to plaintiff upon certain property then in Rogers County consisting of TD 18 International Crawler type motor with equipment, a D4 Caterpillar tractor, an air compressor and a welding machine, which mortgage was duly filed of record; that said note was not paid on its due date and no payments of either principal or interest has been made though demand has been duly made; that involuntary bankruptcy proceedings had been theretofore instituted in the United States District Court for the Northern District against Twin Rivers Sales, Inc., in which said company was duly adjudged a bankrupt; that plaintiff duly filed and presented a claim against the bankrupt's estate based upon the note here in question and the mortgage lien securing same and asserted the priority of its mortgage lien against all other claimants; that upon hearing plaintiff's claim was duly allowed and the priority of its mortgage established against the air compressor and the welding machine but by the same order plaintiff was denied a lien upon the TD 18 International Crawler type tractor and in the course of the proceedings it developed that the D4 Caterpillar tractor had been disposed of by the bankrupt prior to the institution of the bankruptcy proceedings and was no longer a part of the bankrupt's estate; that by the same order the Referee in bankruptcy adjudged that the value of plaintiff's mortgage security was not worth the amount of the lien against it and directed the Trustee in Bankruptcy to surrender said property to plaintiff; that plaintiff is now foreclosing its mortgage against said property but the value of said property will not exceed $500 or $600; that it is highly improbable that the bankrupt's estate will be sufficient after all prior claims are paid to pay anything on the note; that J. V. Murph, one of the signers of the note, is a non-resident of Oklahoma and has no property or assets in the state and cannot be personally served with summons in the

state; that defendant Yaffe has property in the state, and prayed judgment against him for the sum of $5,000 with interest together with attorney's fees and costs. Affidavits for attachment against property of defendant situated in Rogers and Nowata County were filed and orders of attachment were issued to the sheriffs of said counties and a drag line bucket, a bank drill, and a drag line belonging to defendant were attached. Thereafter summons by publication based upon said attachments was issued against defendant.

Defendant filed a special plea objecting to the jurisdiction of the court on the grounds that the court had no jurisdiction over his person nor over the property involved herein. Hearing was had on this special plea and the evidence of the Trustee in Bankruptcy for Twin River Sales, Inc., was taken by which it developed that the property attached herein had been in the possession of the bankrupt at the time it was adjudged bankrupt and had been given into the custody of the referee; that thereafter defendant Yaffe had filed a petition in reclamation before the referee in bankruptcy claiming the property as his own; that thereafter the referee had adjudged said property to be the property of Yaffe and no part of the bankrupt's estate and had ordered the Trustee to surrender the property to Yaffe but Yaffe had never yet called for it. Order denying special plea to the jurisdiction was entered and defendant was given additional time to plead. Thereafter defendant filed a motion to strike which was overruled; a motion to make more definite and certain and a general and special demurrer based on the allegations that the court had no jurisdiction of the person of defendant or of the subject matter of the action, that there was a defect of parties defendant, and that the petition did not state a cause of action. Apparently neither of these was passed on by the court. Defendant filed a motion to make additional parties defendant alleging that when the note was executed defendant became an accommodation endorser of said note without consideration for the use and benefit of plaintiff; that

at that time plaintiff obtained a chattel mortgage upon a TD 18 tractor and a D4 Caterpillar tractor; that at the time the note was endorsed by defendant plaintiff informed him that plaintiff had a mortgage on said property as security for the note; that subsequent to the execution of the note plaintiff through negligence or carelessness permitted J. R. Todd and Clarence L. Boyd Co. to obtain possession of said property, thereby materially reducing the security for the payment of the note to defendant's detriment; that in order to obtain a complete determination of the rights and liabilities between plaintiff and defendant it was necessary that said Todd and Clarence L. Boyd Co. be made parties defendant so that an adjudication could be had as to the validity and priority of the chattel mortgage lien against said property, and prayed the court to make said parties defendant and bring them into court by proper process. This motion was overruled by the court.

Thereafter defendant filed his answer which contained no general denial but consisted of specific admissions and denials of various allegations of plaintiff's petition to the effect that defendant was not a maker of the note but an accommodation endorser for the bank; that he was informed that plaintiff would take adequate collateral security for the note and that it had a chattel mortgage on certain personal property including the TD 18 tractor and the D4 caterpillar tractor mentioned above; that in preparing the chattel mortgage plaintiff carelessly and negligently misdescribed the TD 18 tractor so that as a result the mortgage lien on said tractor was lost and defendant deprived of the benefit of such security in the amount of $9,000 and defendant has therefore become released and exonerated to the value and extent of the security so lost; that through carelessness and negligence plaintiff permitted Twin Rivers Sales, Inc., to sell or dispose of the D4 caterpillar tractor which was worth $3500 as a result of which defendant has become released and exonerated to such amount; that plaintiff had taken no steps to obtain possession of said

caterpillar tractor and prevent the mortgagor from disposing of same; that plaintiff failed to sell the items upon which it foreclosed its mortgage for their true value and apply said true value to the reduction of the principal and interest on the note; that it did not advertise and sell such portion of the mortgaged chattels upon which it foreclosed according to law in that it did not send registered notice to defendant of such sale; that J. B. Murph was an endorser on the note and should be made a party defendant to this action; that failure of plaintiff to describe properly the TD 18 tractor in its mortgage amounted to a failure of consideration because such failure properly to describe the tractor permitted J. R. Todd and Clarence L. Boyd Company to take said machine and deprive plaintiff of the mortgage which it would otherwise have had paramount and superior to any claim of Todd or Boyd and therefore said parties are necessary party defendants, and prayed that plaintiff take nothing.

Plaintiff filed a motion to strike from defendant's answer all allegations as to plaintiff's negligence concerning the TD 18 tractor and the D4 caterpillar tractor and as to the making of Murph, Todd, and Boyd Company parties for the reason that such allegations were not germane to the issues in the action and set forth no defense thereto and moved for judgment on the pleadings because defendant had set forth no defense to the action. Upon hearing of this motion the court sustained the motion to strike whereupon defendant asked for additional time in which to amend his answer. The court denied this motion of defendant and granted exceptions. The court then sustained plaintiff's motion for judgment on the pleadings and entered judgment against defendant for the full amount of the note plus accrued interest, less the amount realized by the sale of the items foreclosed upon, gave plaintiff an attorney's fee as provided by the note and ordered that the property attached be sold and the proceeds of such sale be applied to satisfy the judgment, interest, costs and attorney's fees rendered in favor of plaintiff. From this order and judgment of the court defendant appeals.

Under his first proposition defendant urges five subheads: The first two, that the payee of a note is not a holder in due course and that as between the original parties an accommodation party is a surety are concededly correct but they are not material to a determination of the questions here involved. The third and fourth subheads are that the answer contains allegations of fact which are good defenses and entitle defendant to a jury trial. In this connection he urges that his allegations of negligence on the part of plaintiff in allowing a portion of the collateral to escape from the mortgage lien show a failure of consideration as to him and that failure of consideration, either total or partial, is always a good defense; that a surety on a note is exonerated in like manner as a guarantor; that if by any act of the creditor without consent of the guarantor the original obligation of the principal is altered in any respect or the remedies or rights of the creditor in respect thereto are in any way impaired or suspended the guarantor is exonerated.

Admittedly the consideration for the note was the $5000 loan made to Twin Rivers Sales, Inc. and it is not contended that Twin Rivers Sales, Inc. did not receive such consideration. Taken in connection with his argument that he was an accommodation endorser for the bank we assume defendant is attempting to say that as consideration for his signing the note the bank promised to and did obtain certain collateral, and when a part of this collateral was dissipated his consideration failed to that extent. Yet he alleged in his motion to make additional parties defendant that he was an accommodation endorser of the note without consideration for the use and benefit of plaintiff. His allegations are not consistent and not sufficient to make him an accommodation endorser for the bank and therefore liable only to a holder in due course. Rather it appears that the bank extended credit to the principal on the strength of defendant's endorsement and he is therefore an accommodation endorser for the principal and liable to the bank as a surety. See 48 O.S.1951 § 76, defining an accommodation party. His allegations are

not sufficient to show a failure of consideration as to him.

The undertaking of a surety is absolute and he is directly liable to the creditor. A creditor may sue either a principal, endorser, or guarantor or all of them at his option. 12 O.S.1951 § 234. As between creditor and surety it is the surety's business to see that the principal pays. His contract is that he will himself pay the note when due and not that he will pay it in case the principal cannot be forced to do so. Mere ommission by the creditor to sue the principal, even though demand is made by surety that this be done, is not enough to discharge the surety. The surety can pay the obligation, whereupon he becomes subrogated in equity to the mortgage and can institute proceedings against the principal, or he can by suit in equity demand that the creditor proceed against the principal upon giving proper indemnity against costs and delay. See National Bank of Poteau v. Lowrey, 57 Okl. 304, 157 P. 103 for a full discussion. Defendant's allegations are insufficient to state a defense to plaintiff's cause of action.

Under the fifth subhead defendant alleges error in the refusal of the court to allow him to amend his answer. He made no disclosure as to the contents of the proposed amendment nor did he show the character or the purpose thereof. In such circumstances it is not an abuse of discretion on the part of the court to refuse such amendment. Osage Oil & Refining Co. v. Dickason Goodman Lumber Co., 106 Okl. 119, 231 P. 475.

Defendant in his second proposition urges error in rendering personal judgment against him. In this connection he states that he filed special plea to the jurisdiction which was overruled and exceptions saved; that under numerous decisions of our court his subsequent plea to the merits did not serve to enter his general appearance inasmuch as he did not ask for affirmative relief.

Defendant's plea to the jurisdiction was apparently predicated on the assumption that the property attached was still in the custody of the Trustee in Bankruptcy and therefore the attachment proceedings were void and as a consequence the publication service based on the attachment proceedings were of no force. Upon hearing the uncontradicted testimony showed that the attached property was not in the hands of the Trustee and therefore the attachment was good. Defendant makes no complaint of the ruling of the court on this point. Had he done nothing further except answer without asking for affirmative relief he would probably come within the cases cited by him and no personal judgment could be rendered against him. But as shown above he asked the court on two occasions to make additional parties defendant, demurred to the petition both generally and specially, and challenged the jurisdiction of the court over both his person and his property. This was sufficient to enter his general appearance.

" 'The defendant, by pleading that the facts stated in the petition did not constitute a cause of action within the jurisdiction of the court, and that no issue could be joined upon the facts attempted to be alleged in the petition, and that the court was wholly without jurisdiction of the subject-matter, and praying that the cause be dismissed for want of jurisdiction, entered a general appearance.' " Jameson v. Harvel, 139 fects in the summons and service of the summons. It was error to quash the summons and set aside the service after the defendant had entered a general appearance.' " Jameson v. Harvel, 139 Okl. 39, 280 P. 1080, 1081.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, ARNOLD and BLACKBIRD, JJ., concur.

WILLIAMS, J., concurs in result.