**Ell B. CARVER, Plaintiff in Error,**

v.

**TINKER FIELD EMPLOYEES CREDIT UNION, a corporation, Defendant in Error.**

**No. 41727.**

Supreme Court of Oklahoma.

June 4, 1968.

Shirk, Withington, Work & Robinson, Oklahoma City, for plaintiff in error.

Hal S. Whitten, Fred C. Fields, Whitten, Whitten & Fields, Oklahoma City, for defendant in error.

IRWIN, Vice Chief Justice.

The plaintiff, Tinker Field Employees Credit Union, instituted this action to recover judgment on a promissory note against defendants, Bertis W. Jacobs, Nellie A. Jacobs and Ell B. Carver. Service was not obtained on the Jacobs and the action was dismissed as to them prior to trial. Further reference herein to defendant shall be limited to Carver. The parties will be designated by their trial court appearance.

The note in question was executed by the Jacobs and secured by a chattel mortgage on their automobile and household goods. The note reflects defendant signed it in the capacity of "Co-Maker." After a default in payments Jacobs voluntarily delivered the automobile to plaintiff and made a few more payments. After further default the car was sold and the proceeds applied upon the note. This action was instituted for the balance due on the note.

The matter was tried to a jury and after both parties had rested the court sustained plaintiff's motion for a directed verdict. From the order overruling defendant's motion for a new trial this appeal was lodged.

Defendant contends he executed the note as a surety and the trial court erred in directing a verdict for plaintiff and in refusing to submit requested instructions to the jury which defined a surety and his rights and liabilities.

The Uniform Commercial Code is not applicable in this case, and we will assume, arguendo, that defendant executed the note in question as a surety. Under the provisions of Title 15 O.S.1961, § 377 and § 383, defendant would be exonerated of liability on the note in question to the extent he has been prejudiced by any act of the plaintiff which would prove injurious to his remedies, inconsistent with his rights, or lessen his security; and defendant is entitled to the benefit of every security held by plaintiff for payment of the note.

The security involved was an automobile. After the Jacobs were in default, plaintiff's conduct, at most, reflects a passive inactivity in not declaring the entire sum due when it was in default. The evidence nowhere tends to establish an agreement, express or implied, to extend the time of payment between plaintiff and the Jacobs. The record conclusively shows that defendant knew that the Jacobs were in default, but never requested or made a demand on plaintiff to sell the automobile. The Jacobs had notice of the sale of the automobile and plaintiff bought the same at the sale and applied the proceeds to the note. Plaintiff later sold the automobile and applied the difference to the note. There are no allegations or evidence that

the proceeds obtained from the sale of the car were not fair or reasonable or that an earlier sale of the car would have resulted in a greater reduction of the amount due on the note than what was finally obtained.

 In Yaffe v. Bank of Chelsea, Okl., 271 P.2d 365, we said:

"The undertaking of a surety is absolute and he is directly liable to the creditor. A creditor may sue either a principal, indorser or guarantor or all of them at his option. 12 O.S.1951 § 234. As between creditor and surety it is the surety's business to see that the principal pays. His contract is that he will himself pay the note when due and not that he will pay it in case the principal cannot be forced to do so. Mere omission by the creditor to sue the principal, even though demand is made by surety that this be done, is not enough to discharge the surety. * * *."

In Yell v. Davis, 190 Okl. 322, 123 P.2d 681, we held:

"The negligence or passive inactivity of a holder of a promissory note to foreclose a mortgage given to secure its payment is not a defense available to the surety in the absence of a legal demand by the surety upon the holder of the note to foreclose such mortgage."

In Cook v. Sorrells, 43 Okl. 742, 144 P. 347, we held that where, in a suit on a promissory note, the evidence does not tend to disclose an agreement between the payee and the principal debtor for delay in its payment, a judgment in favor of the sureties, exonerating them from payment on that ground, will be reversed.

In our opinion, plaintiff was entitled to judgment in the instant action, as a matter of law, for at least a portion of the amount sued for. Since the evidence is insufficient, as a matter of law, to justify a verdict and judgment for a lesser amount, the trial court did not err in directing a verdict for plaintiff. See Spangenburg v. Aetna Life Insurance Company, Okl., 306

P.2d 707; and Our Co-Op v. Holder, Okl., 302 P.2d 142.

Judgment affirmed.

All the Justices concur.