**SECURITY NATIONAL BANK OF ENID, A Banking Corporation, Appellee,**

v.

**Bruce L. BONNETT and Cecilia E. Bonnett, now Cecilia E. Nobel, David D. Bonnett, Wesley G. Bonnett and Reba Bonnett, Messer-Bowers Company, Roland Martens, County Treasurer of Garfield County, Oklahoma, and Fred Anderson, County Treasurer of Grant County, Oklahoma, Appellants,**

v.

**George KENNEDY and Neva Kennedy, Intervenors/Appellants.**

No. 53575.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 12, 1980.

Rehearing Denied Dec. 16, 1980.

Certiorari Denied Jan. 19, 1981.

Approved for Publication by Supreme Court Jan. 22, 1981.

Mitchell, DeClerck, Cox, Halstead, Lahman & Shaw by E. W. Shaw, Enid, for appellee.

Lamb, Maxwell & Long by Norman A. Lamb, Enid, for intervenors/appellants George Kennedy and Neva Kennedy.

BOX, Judge:

An appeal by George and Neva Kennedy, intervenors in the foreclosure action below, from a judgment by the trial court in favor of the plaintiff, Security National Bank of Enid.

On November 3, 1975, Bruce L. Bonnett executed a promissory note to the Kennedys that was secured by a real estate mortgage on certain property located in Grant County, Oklahoma. The mortgage was properly recorded. Both the note and mortgage contained an express provision for the payment of attorney's fees in the event that the note was placed in the hands of an attorney for collection upon default. The provision for attorney's fees allowed the attorney to recover reasonable attorney's fees in the amount of 10% of the unpaid principal.

Subsequently, Bonnett pledged the property mortgaged to the Kennedys and other properties to the Bank as security for a large loan. Bonnett defaulted, and the Bank initiated foreclosure proceedings against all properties pledged to it by Bonnett subject to any prior recorded mortgages constituting liens on the properties. The Kennedys held a superior lien on one of the properties by virtue of its prior recorded mortgage. The Bank attempted, but failed, to negotiate a settlement with the Kenne-

dys on the note through its attorneys. Thereafter, the Kennedys asked leave to intervene in the foreclosure action. Intervention was granted, and the Bank tendered payment of the mortgage pursuant to 42 O.S.1971, § 19 and requested that the trial court determine a reasonable attorney's fee to be granted to the Kennedys. A hearing was held to consider evidence in determining a reasonable attorney's fee. The Kennedys' attorney did state that he had made a few telephone calls and did petition to intervene in this action. But he presented no other evidence as to services rendered to the Kennedys. The Bank's position was that the express terms of the note and mortgage set a maximum fee to be obtained for collection, but the actual fee awarded had to be reasonable and commensurate with the amount of work in fact performed by the Kennedys' attorney. The Bank put on the testimony of another local attorney, who stated that a fee for the amount of work performed in the collection of the note should be only one percent of the principal owing.

The trial court found that it had the authority and obligation to fix a reasonable attorney's fee and was not bound by the terms of the note and mortgage because to enforce such an obligation would be an irresponsible act by the court and one against public policy. The trial court found that $2,500 was a reasonable fee under the facts of this case. The Kennedys appeal this decision.

The principal due the Kennedys on the note was $75,000. The Kennedys argue that the attorney's fee should have been $7,500 or 10% of the principal due as provided by the express language of the note and mortgage. Their position is that if a contract provides for an attorney's fee, no evidence is necessary or proper to show that the fee is reasonable, because it is presumptively reasonable.

In the action below, the Bank relied on 42 O.S.1971, § 176, as apparently did the trial court, for the proposition that an attorney's fee in foreclosure actions is subject to the control of the court and not automatically fixed by the terms of a contractual agreement. Section 176 provides:

In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled *to recover a reasonable attorney's fee, to be fixed by the court,* which shall be taxed as costs in the action. [Emphasis added.]

Section 176 has been construed to allow the award of an attorney's fee even though the mortgage provided no contract provision to this effect. *Frayer v. Crain,* 196 Okl. 172, 163 P.2d 966 (Syllabus 2); *Federal Land Bank of Wichita, Kan. v. Denson,* 172 Okl. 225, 44 P.2d 891 (Syllabus 6). In making an award of an attorney's fee the trial court *must* take evidence on the reasonable value of the attorney's services absent a contract provision specifying the amount of the fees. *Mid-State Homes, Inc. v. Jackson,* 519 P.2d 472, 476, Okl.; *L. S. Cogswell Lumber Co. v. Foltz,* 135 Okl. 242, 275 P. 333, 334. It has been held that if a note provides a specified amount for an attorney's fee that the party seeking to recover the fee need present no evidence of its reasonableness, but rather, the burden of proof lies with the party who is challenging the fee to show by competent evidence that it is excessive or exorbitant. *Osage Oil & Ref. Co. v. Dickason-Goodman Lumber Co.,* 106 Okl. 119, 231 P. 475, 477; *accord, Jackson v. Fennimore,* 104 Okl. 134, 230 P. 689, 691. Annot. 18 A.L.R.3d 733 (1968).

In *Tipton v. Standard Installment Finance Co.,* 418 P.2d 309, Okl., the parties had provided by express provision in a chattel mortgage that if the mortgage was placed in the hands of an attorney for enforcement, such attorney was to receive as a fee 25% of the unpaid balance or $50, whichever was greater. The trial court had awarded an attorney's fee in excess of that provided in the mortgage. On appeal the Oklahoma Supreme Court stated that had the trial court awarded an attorney's fee consistent with the terms of the mortgage, then no other evidence except the stated fee in the mortgage would have been necessary to establish the reasonableness of the fees. But it was error for the court to award a fee larger than the one provided in the mortgage absent further evidence to establish the reasonableness of the larger fee. 418 P.2d at 318.

■ Thus, it appears that parties are free to contract for a reasonable attorney's fee, but if the fee is challenged as excessive or exorbitant, the trial court should take evidence as to the reasonableness of the fee and has the power under 42 O.S.1971, § 176 to fix an attorney's fee that is reasonable and commensurate with the work performed by the attorney.

■ The reasonableness of an attorney's fee is peculiarly within the province of a trial court and will not be disturbed on appeal absent an abuse of discretion. *State ex rel. Burk v. Denton*, 598 P.2d 659, 663, Okl. We find that the trial court did not abuse its discretion in the award of an attorney's fee under 42 O.S.1971, § 176 and a determination of the reasonableness of the fee when objected to by opposing party is further supported by our Code of Professional Responsibility, 5 O.S.1971, Ch. 1, App. 3, DR 2–106(A), which states an attorney "shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee." We affirm the judgment of the trial court.

AFFIRMED.

REYNOLDS, P. J., concurring.