Fred D. MARVEL and Angela
Marvel, Appellants,

v.

MIKEN, dba Miken Company, a California Partnership comprised of Michael A. Christian and Kenneth E. Stacey, as General Partners, Michael A. Christian, Linda S. Christian, Kenneth E. Stacey, and Marie E. Stacey, Appellees.

No. 82400.

Court of Appeals of Oklahoma,
Division No. 3.

Oct. 25, 1994.

Certiorari Denied Jan. 18, 1995.

James L. Edgar, Tulsa, for appellants.

Van N. Eden, Tulsa, for appellees.

## *OPINION*

HUNTER, Judge:

In June of 1991, the individual Appellees comprising the Miken partnership purchased real property from Fred D. and Angela Marvel. The Marvels financed the property, and the partnership executed a promissory note for $300,000 payable to the Marvels. The partnership also executed a mortgage of the property in favor of the Marvels. The mortgage gave the Marvels the power of sale, consistent with the Oklahoma Power of Sale Mortgage Foreclosure Act, 46 O.S.1991 § 40 et seq., should the partnership fail to make the scheduled payments. In addition, the mortgage provided that if the Marvels should be forced to foreclose the mortgage or resort to the power of sale, the partnership would pay an attorney fee equal to $25.00 plus ten percent of the outstanding balance of the note at the time of the default in addition to court costs. The clause stipulated that the attorney's fee would be due upon the filing of a petition of foreclosure or initiation of proceedings to sell the property and that the fee would become part of the debt secured by the mortgage.

The partnership defaulted on August 1, 1991, and again on September 1. The partnership tendered a check for the September payment on September 9, but the check was returned for insufficient funds. The Marvels sent the partnership a Notice of Intent to Foreclose in compliance with the Oklahoma Power of Sale Mortgage Foreclosure Act (the Act). The Marvels sent a second notice to the partnership when it failed to make the payment due October 1. On March 10, 1992, the Marvels filed a petition to foreclose in the district court. At that time, the principal amount due on the note was $294,060.76. In addition, the partnership owed interest due on the principal. Finally, under the terms of the mortgage, the partnership owed the Marvels nearly $30,000 in attorney's fees.

The partnership sold the property in December, 1992 for an amount sufficient to pay everything they owed the Marvels including the contractually stipulated attorney's fee. The partnership objected to paying the amount of the attorney's fees due under the terms of the mortgage, however, alleging that $30,000 was an unreasonable fee for the amount of work actually done. The parties eventually reached an agreement to put the money designated for attorney's fees into an escrow account pending a judicial determination of their dispute.

On September 3, 1993, the district court heard the partnership's application to set attorney's fees. The partnership offered as evidence the testimony of an expert witness who stated that $7,700 was a reasonable fee for the amount of legal work actually done for the Marvels by their attorney. The Marvels made offers of proof of the evidence they would have presented to support their contention that the contractual clause in question is not unconscionable.

On September 7, the district court entered its order. The district court analyzed the evidence to determine whether the fee were reasonable under the criteria set forth in Oklahoma case law and awarded the Marvels $7,700. The issue before this court is whether the district court erred in the standard it used to determine the amount of the attorney's fee to which the Marvels are entitled.

## STANDARD OF REVIEW

The determination of the reasonableness of an attorney's fee is particularly within the province of a trial court. *Security National Bank of Enid v. Bonnett*, 623 P.2d 1061, 1064 (Okla.Ct.App.1980). We review the district court's award of attorney's fee for abuse of discretion. *Southwestern Bell Tel. Co. v. Parker Pest Control*, 737 P.2d 1186, 1189 (Okla.1987).

## FINDINGS ON APPEAL

The Marvels argue that the terms of the mortgage regarding the attorney's fee should be enforced absent a showing that the clause is unconscionable. They rely on 46 O.S. § 43(A)(2)(d) which provides in pertinent part:

in a mortgage transaction not involving the mortgagor's homestead, unless otherwise agreed, the mortgagee shall be liable for any deficiency *between the amount obtained by the mortgagee from the sale* and the amount of the indebtedness, interest, and the costs and expenses of sale *including the amount of attorney's fees fixed in the mortgage by agreement,* unless a part or all of the fees are waived by the parties *or the amount fixed is found by a court to be unconscionable.* If such fees are found to be unconscionable or no fees are fixed in the mortgage by agreement a court may allow reasonable attorney's fees. Any action for a deficiency pursuant to the provisions of this subparagraph shall be commenced within ninety (90) days after the *date of the sale.* (Emphasis added)

Citing 46 O.S.1991 § 43(A)(2), the Marvels contend this right to enforce the contractual agreement on attorney's fees, absent a finding of unconscionability, applies "with respect to any mortgage in which a power of sale is granted", regardless of whether the power of sale is exercised. We disagree.

Under § 43(A)(2)(d), the mortgagee has the right to include the attorney's fees fixed in the agreement as part of the expenses of the "sale". Although the Act, of which § 43(A)(2)(d) is a part, does not specifically define "sale", it does specifically define "date of sale". Section 42(1) defines "date of sale", a term also used in § 43(A)(2)(d), as "the date that the mortgagee conducts the public auction of the property pursuant to Section 46 of this title". Accordingly, the term "sale" must refer to a sale under the Act. Without such a "sale", § 43(A)(2)(d) cannot apply.

In the present case, however, the sale of the property was not made under the Act. Rather, the Marvels chose to exercise their right to pursue judicial foreclosure. The applicable standard, therefore, is the "reasonableness" standard set forth in 42 O.S. § 176 which governs attorneys' fees in actions to enforce liens. *See Security National Bank of Enid v. Bonnett*, 623 P.2d 1061, 1063. (Okla.Ct.App.1981) (approved for publication by Supreme Court) (trial court has power under 42 O.S.1991 § 176 to fix reasonable

attorney's fee in foreclosure action if contractual fee is challenged as excessive).

■ Under *Bonnett*, a trial court should take evidence as to the reasonableness of a contractual attorney's fee when the fee is challenged as excessive. That is precisely what the trial court did in this instance. The partnership offered sufficient evidence to support its position, and the district court did not abuse its discretion in setting a reasonable fee based on the evidence.

AFFIRMED.

GARRETT, V.C.J., and ADAMS, J., concur.