JERRY L. GOODMAN, JUDGE:
¶ 1 Jana Drummond Evans (Client) appeals an April 29, 2016, order granting Kirk & Chaney's (Law Firm) motion to enforce attorney's lien. Based upon our review of the record and applicable law, we affirm.
BACKGROUND
¶ 2 This is one of three companion appeals assigned to this Court arising from a divorce action. In Appeal No. 114,270, Client seeks review of the trial court's August 10, 2015, order denying her motion to correct, open, modify, or vacate the Decree of Dissolution of Marriage. In Appeal No. 115,600, Client seeks review of the trial court's November 9, 2016, order granting Law Firm's application for an attorney's fee, which sought fees incurred in enforcing the attorney's lien. In the present case, Appeal No. 115,034, Client seeks review of the trial court's April 29, 2016, order granting Law Firm's motion to enforce attorney's lien.
¶ 3 Briefly, Law Firm represented Client in a divorce action which culminated in a divorce decree entered on May 11, 2015. On April 7, 2015, Law Firm filed a notice of attorney's lien pursuant to 5 O.S.2011 and Supp. 2014, § 6. On September 1, 2015, Law Firm filed a motion to enforce attorney's lien, asserting Client owed Law Firm $47,891.82. Client filed multiple objections, asserting Law Firm's fee was excessive and unreasonable because Law Firm made legal and mathematical errors during the legal representation resulting in a reduced division of the marital estate.
¶ 4 On December 4, 2015, Client filed a counterclaim for negligence. Client sought reimbursement of excessive fees paid and *420 damages. In addition, on December 9, 2015, Client filed an objection to jurisdiction of special judge and motion to transfer to district court. Client asserted the special judge's jurisdiction was limited to $10,000.00 pursuant to 20 O.S.2011, § 123(A)(1). Law Firm responded, asserting the attorney-lien enforcement was an equitable proceeding ancillary to the original divorce proceeding. Thus, the special judge may decide this proceeding pursuant to 20 O.S.2011, § 123(A)(9). Finally, Law Firm asserted Client should file a separate action for alleged malpractice. By order filed on January 15, 2016, trial court denied Client's objection to jurisdiction and motion to transfer to district court. The court further dismissed Client's counterclaim as not properly filed with the court.
¶ 5 An evidentiary hearing was subsequently held on December 11, 2015, January 15, March 11, March 30, and April 4, 2016. By order entered on April 29, 2016, the trial court granted Law Firm's motion to enforce attorney's lien in the amount of $47,891.82. Client appeals.
STANDARD OF REVIEW
¶ 6 When the appeal raises an issue of the reasonableness of an attorney's fee awarded by the trial court, then the standard of review is whether there has been an abuse of discretion by the trial judge. Green Bay Packaging, Inc. v. Preferred Packaging, Inc., 1996 OK 121, ¶ 32, 932 P.2d 1091, 1097 ; State ex rel. Burk v. Oklahoma City , 1979 OK 115, ¶ 22, 598 P.2d 659, 663. To establish an abuse of discretion, the appellant must show the trial court made a clearly erroneous conclusion, which resulted in a judgment against reason and evidence, before such an award may be reversed. Green Bay Packaging, Inc. , at ¶ 32, at 1097 ; Broadwater v. Courtney , 1991 OK 39, ¶ 7, 809 P.2d 1310, 1312 ; Abel v. Tisdale , 1980 OK 161, ¶ 20, 619 P.2d 608, 612.
ANALYSIS
¶ 7 Oklahoma law recognizes two types of liens by which an attorney may secure payment for his or her services: (1) a special or charging lien; and (2) a common-law possessory or retaining lien. Mehdipour v. Holland , 2007 OK 69, ¶ 20, 177 P.3d 544, 548. In the present case, Law Firm sought to enforce a special or charging lien. An action to enforce a charging lien is an equitable proceeding that may be brought in a proceeding ancillary to the main litigation or in an independent action. Id . at ¶ 25, at 549.
¶ 8 Client challenged Law Firm's fee as excessive and unreasonable because of purported legal and mathematical errors made during their legal representation resulting in a reduced division of the marital estate. Because a court exercises its equitable powers in enforcing an attorney's charging lien, it may inquire into the reasonableness of the asserted fee for purposes of enforcing the lien.
¶ 9 Rule 1.5 of the Oklahoma Rules of Professional Conduct, 5 O.S.2011, ch.1, app.3-A, provides attorneys have a professional responsibility not to make an agreement for, charge, or collect unreasonable fees or expenses. In re Adoption of Baby Boy A , 2010 OK 39, ¶ 25, 236 P.3d 116, 124. Rule 1.5 lists eight factors to be considered in determining the reasonableness of the contract, charge, or fee. Id . In addition, State ex rel. Burk v. City of Oklahoma City, 1979 OK 115, 598 P.2d 659, established a two-part reasonableness test for an attorney's fee: 1) a base fee calculated by multiplying hours worked by an hourly rate, and 2) a bonus or incentive fee calculated under eight factors.[1] In re Adoption of Baby Boy A , 2010 OK 39, ¶ 26, 236 P.3d 116, 124. Generally referred to as the Burk criteria, the same eight factors are listed for determining the amount of an attorney's fee: 1) time and labor required, novelty and difficulty of the questions involved, and skill requisite to properly perform the legal services; 2) the likelihood the representation will preclude other employment by the attorney; 3) customary charge in the community for similar legal services; 4) amount involved and results obtained; 5) time limitations imposed by the client or the circumstances; 6) nature and length of the professional *421 relationship with the client; 7) the experience, reputation, and ability of the attorney performing the legal service; and 8) whether the fee is fixed or contingent. Id . at ¶ 25 fn. 9, 129 fn. 9. The Burk criteria are the standard by which courts test the reasonableness of attorney fee contracts as well as fee awards. Id . at ¶ 27, at 124.
¶ 10 Parties are free to contract for a reasonable attorney's fee. However, if the fee is challenged as excessive or unreasonable, the trial court should take evidence as to the reasonableness of the fee and has the power to fix an attorney's fee that is reasonable and commensurate with the work performed by the attorney. In re Adoption of Baby Boy A , 2010 OK 39, at ¶ 33, 236 P.3d at 126. The Supreme Court has long held the party moving for an attorney's fee has the duty of demonstrating the reasonableness of the fee to the trial court. Id. See also Oliver's Sports Center, Inc. v. National Std. Ins. Co. , 1980 OK 120, ¶ 8, 615 P.2d 291 (an attorney seeking an attorney's fee has the burden to present to the court detailed time records of the work performed and evidence of the reasonable value for the services performed for different types of legal work.). The reasonableness of an attorney's fee is a question for the trier of fact, Arkoma Gas Co. v. Otis Engineering Corp., 1993 OK 27, ¶ 8, 849 P.2d 392, 394, and the fee must be supported by evidence and reason. Finnell v. Seismic, 2003 OK 35, ¶ 18, 67 P.3d 339, 346-47.
¶ 11 Because "the determination of the reasonableness of an attorney's fee is particularly within the province of a trial court," Marvel v. Miken , 1994 OK CIV APP 150, ¶ 6, 889 P.2d 903, 905, we will affirm a trial court's award of an attorney's fee absent an abuse of discretion. Abel v. Tisdale , 1980 OK 161, ¶ 20, 619 P.2d 608, 612. An abuse of discretion will only be found where the trial court made a "clearly erroneous conclusion and judgment against reason and evidence." Id . See also Oklahoma Turnpike Auth. v. Asher , 1993 OK 136, ¶ 7, 863 P.2d 1205, 1207. Furthermore, a trial judge's decision comes to a court of review clothed with a presumption of correctness. Willis v. Sequoyah House, Inc. , 2008 OK 87, ¶ 15, 194 P.3d 1285, 1290.
¶ 12 In the present case, Law Firm addressed the Burk factors at the hearing before the trial court. Law Firm introduced detailed time records of the work it performed for Client, affirmatively testifying that its time records accurately reflected the time and labor required in the case. In addition, counsel for Law Firm testified he has considerable experience in divorce matters, having practiced primarily domestic law for over twenty-nine years, has an AV rating in Martindale-Hubbell, and is listed in the area of family law as one of the "Best Lawyers in America." Counsel noted they represented Client for approximately twenty-one months against very capable opposing counsel in a hard-fought divorce case that consisted of a marital estate valued at almost $4.5 million dollars. Issues included separate property, significant stock and stock options, support alimony, child support, contempt, and child custody. Law Firm asserted that due to its efforts, Client was awarded separate assets worth over $1.2 million, plus stock and stock options, as well as $790,000.00 in property division alimony, $4,000.00 per month in support alimony for three years, and $3,500.00 per month for child support. With respect to separate property issues, Law Firm noted Husband claimed over $2 million of Client's property was marital property. The trial court ultimately found only $91,322.00 was marital property and the rest was Client's separate property.
¶ 13 Law Firm also introduced a copy of its attorney fee contract with Client that established the agreed hourly rate. Client did not object to the agreed hourly rate as unreasonable.[2] In addition, Client did not specifically object to the number of hours Law Firm incurred in its representation of Client. Rather, in essence, Client asserted she did not receive a reasonable value for the services she paid for due to alleged legal and *422 mathematical errors by Law Firm during trial.[3] ,[4] Thus, she asserts the fee is unreasonable.
¶ 14 The trial court conducted a thorough hearing addressing the reasonableness of the fee charged for the services performed, specifically reviewing each alleged error in representation. The trial court found Law Firm did submit the arguments to the trial court on Client's behalf and "did fervently fight for the calculations and computations that were ultimately not determined by the Court." In short, the trial court found Law Firm met their burden of proving reasonableness of their requested attorney's fee and that the charging lien should be enforced. Notably, Client's own expert witness testified Law Firm's fee was reasonable given the issues involved in the case.[5] Based on our review of the record on appeal, we find no abuse of discretion and affirm the trial court's order granting Law Firm's motion to enforce attorney's lien. This assertion of error is therefore denied.
¶ 15 Client further contends the trial court erred by dismissing her negligence counterclaim. Client contends it is a compulsory counterclaim pursuant to 12 O.S.2011, § 2013(A).
¶ 16 Compulsory counterclaims are creatures of 12 O.S.2011, § 2013(A). Robinson v. Texhoma Limestone, Inc. , 2004 OK 50, ¶ 8, 100 P.3d 673, 675. Subsection 2013(A) requires a pleader to assert as a counterclaim any claim that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim which the pleader has against the opposing party at the time of serving the pleading. The failure to assert a compulsory counterclaim bars a later action on that demand. Id . (citing McDaneld v. Lynn Hickey Dodge, Inc., 1999 OK 30, ¶ 7, 979 P.2d 252, 255-56 ). The purpose of the compulsory counterclaim bar is to prevent multiplicity of litigation over related claims. Robinson , at ¶ 8, at 675 (citing Oklahoma Gas & Elect. Co. v. District Ct., Fifteenth Judicial Dist. , 1989 OK 158, ¶ 11, 784 P.2d 61, 64 ).
¶ 17 Oklahoma has not addressed whether a negligence, or malpractice, claim is a compulsory counterclaim required to be pled in response to a motion to enforce a attorney's charging lien.
¶ 18 In Computer One, Inc. v. Grisham & Lawless P.A. , 144 N.M. 424, 188 P.3d 1175 (2008), the New Mexico Supreme Court addressed this precise issue. A law firm represented Computer One through a settlement agreement. The law firm ultimately withdrew as counsel after Computer One asserted the settlement was unauthorized. The law firm filed a notice of a charging lien against the settlement proceeds in the original proceeding, which the trial court enforced. Subsequently, Computer One filed a legal malpractice claim against the law firm. The law firm moved for summary judgment, asserting the claim was barred as a compulsory counterclaim to its motion for a charging lien. The trial court agreed and granted summary judgment.
¶ 19 The New Mexico Supreme Court reversed, finding the malpractice claim was not a compulsory counterclaim because there was no adversarial relationship between Computer One and the law firm. The Court held its compulsory counterclaim rule, which is identical to Oklahoma's rule, is triggered by its "opposing party" provision. "An 'opposing party' must be one who asserts a claim against the prospective counterclaimant in *423 the first instance. In other words, it is the adversarial nature of the relationship between the parties from the beginning that ... trigger[s] the compulsory counterclaim rule and its attendant res judicata effect." Id ."[O]ne must first be a 'party' before one can be an 'opposing party[,]' " and "an attorney does not transform his former client into either, merely by taking steps to secure attorney fees in the same underlying proceeding." Id . at 1182. Conversely, if the law firm had filed a separate suit for breach of contract against Computer One for its attorney's fee, then Computer One would have had to press its legal malpractice claim as a compulsory counterclaim. Id . at 1182.
¶ 20 Similarly, in Tilzer v. Davis, Bethune & Jones, L.L.C. , 288 Kan. 477, 204 P.3d 617, 624 (2009), the Kansas Supreme Court reversed the trial court which had held that Missouri's compulsory counterclaim rule, again similar to Oklahoma's rule, required the clients to assert their legal malpractice claims as a response to the attorney's motion to enforce an attorney's fee lien in the underlying Missouri lawsuit, stating:
By moving to enforce an attorney's fee lien in the underlying action, [the attorney] was proceeding against the judgment itself, not against the former client. Such an action does not transform the former client into an "opposing party " for purposes of the compulsory counterclaim rule. To invoke that rule, [the attorney] had to file an independent action against [the client], i.e. , had to become a "party" in the first instance.
Id . at 624 (emphasis added).
¶ 21 We find these authorities persuasive. As previously stated, an action to enforce a charging lien is an equitable proceeding that may be brought in a proceeding ancillary to the main litigation or in an independent action. Mediphour, at ¶ 25, at 549. In the present case, Law Firm filed its motion to enforce attorney's charging lien in a proceeding ancillary to the underlying divorce action. By seeking to enforce its attorney's fee lien in the underlying action, Law Firm was proceeding against the judgment itself and not against Client. Client did not become an opposing party for purposes of the compulsory counterclaim rule merely by Law Firm seeking to enforce its charging lien in the underlying action. Accordingly, the trial court properly dismissed Client's negligence/malpractice counterclaim as it was not a compulsory counterclaim. This assertion of error is therefore denied.
¶ 22 For her final assertion of error, Client contends the trial court erred by retaining jurisdiction in a matter that exceeded the jurisdiction of special judges.
¶ 23 Pursuant to 20 O.S.2011, § 123(A)(1), the jurisdictional limit of special judges is $10,000.00 for a claim and $10,000.00 for a counterclaim or setoff. However, § 123(A)(9) provides, "[a]ny matter, regardless of value, at any stage, whether intermediate or final, and whether or not title to property, real, personal, tangible, intangible, or any combination thereof, is to be determined, in a probate, divorce, domestic relations, ...."
¶ 24 Again, an action to enforce a charging lien is an equitable proceeding that may be brought in a proceeding ancillary to the main litigation or in an independent action. Mediphour, at ¶ 25, at 549. Law Firm filed its motion to enforce attorney's lien as an ancillary proceeding to the original divorce proceeding. Thus, we reject Client's assertion that the trial judge lacked jurisdiction or authority to hear and determine the motion to enforce attorney's lien.
¶ 25 The trial court's April 29, 2016, order granting Law Firm's motion to enforce attorney's lien is therefore affirmed.
¶ 26 AFFIRMED .
BARNES, P.J., and RAPP, J., concur.

The Court has used the Burk criteria in cases where there is no incentive or bonus fee. In re Adoption of Baby Boy A , 2010 OK 39, at ¶ 26, 236 P.3d at 124.

Client did object to a rate increase from $300.00 per hour to $325.00 per hour during Law Firm's representation of Client. The trial court found the attorney fee contract provided for the increase and that the increase was within the normal course of practice and therefore reasonable. We find no abuse of discretion.

Client has filed a separate lawsuit for legal malpractice against Law Firm.

Client contends, inter alia , that Law Firm did not hire an expert despite her request, that Law Firm failed to raise certain math errors in ex-husband's exhibits in its closing argument, Proposed Findings of Fact and Conclusions of Law, or the Response to Motion to Settle Journal Entry and Counter-Motion to Settle, and that Law Firm submitted a Proposed Decree of Dissolution of Marriage to the trial court that contained an error. Law Firm disputes Client's assertions, asserting it did not make any errors. Law Firm contends it presented all arguments to the trial court, noting Client has acknowledged that Law Firm did raise or address the purported errors with the trial court at trial, or in some instances, in the Motion to Settle Journal Entry or Counter-Motion. Law Firm further disputed that a Motion to Settle Journal Entry is the proper avenue to raise such errors with the trial court.

Trial, April 4, 2016, p. 26, ll. 4-8.